# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLY SONNENBERG, individually, and on behalf of all others similarly situated )<br><br>)<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ISAI SCHEINBERG; PAUL TATE; NELSON )<br>BURTNICK; OLDFORD GROUP, LTD.; RATIONAL )<br>ENTERTAINMENT ENTERPRISES LTD.; )<br>PYR SOFTWARE, LTD.; STELEKRAM LTD.; )<br>SPHENE INTERNATIONAL LTD.; )<br>)<br>Defendants. ) | Case No. 13-344-MJR-SCW<br><br>**JURY TRIAL DEMAND** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Rational Entertainment Enterprises Ltd. ("REEL"), by and through its undersigned counsel, Ifrah PLLC and Mathis, Marifian & Richter, Ltd., hereby gives notice of removal of the above-captioned case from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois. As grounds for removal, Defendant states:

## INTRODUCTION

1.     On or about August 24, 2012, Plaintiff Kelly Sonnenberg ("Plaintiff") commenced this action against Defendants by filing a Complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, cause number 12-L-444 ("Original Complaint"). A copy of the Original Complaint was never served on Defendant REEL.

2.     On or about January 25, 2013, Plaintiff filed a First-Amended Complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, cause number 12-L-

444 ("State Court Action").  A copy of the First-Amended Complaint is attached as **Exhibit 1**. Defendant REEL first received the First-Amended Complaint on March 11, 2013, when they were served with process.

3.      Plaintiff's First-Amended Complaint proceeds in eight counts with one count alleging violations of Illinois statutes concerning recovery of gambling losses directed to each of the eight named defendants.

4.      Plaintiff purports to bring each of her claims on behalf of herself as well as a putative class of "hundreds of thousands –possibly millions of Illinois poker players who lost money to PokerStars." *Id.* at ¶11.

5.      In each count, Plaintiff seeks to recover the class members' losses and treble damages. *See generally id.*

6.      Defendants are removing this matter based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332(a) EXISTS

7.      The district courts have original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1) as diversity of citizenship exists between Plaintiff and Defendant REEL and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      As alleged in the First-Amended Complaint, Plaintiff is (and was at all times relevant hereto) a citizen of St. Clair County, Illinois. *See* First-Amended Complaint (Ex. 1) at ¶2.  Similarly, Plaintiff's proposed class consists entirely of Illinois residents. *Id.* at ¶4.A.

9.      Defendant REEL is (and was at all relevant times) a foreign entity. *See* REEL Affidavit at ¶6, attached hereto as **Exhibit 2**.

10.     Similarly, none of the other named defendants is alleged to be a citizen of Illinois. *See* First-Amended Complaint (Ex. 1) at ¶¶6-8, 10.

11.     In addition, Plaintiff seeks to recover more than $75,000.00, exclusive of interest and costs, in this action.  Plaintiff alleges that the class's monetary damages are the gambling losses of "hundreds of thousands –possibly millions" of Illinois residents resulting from Defendants' alleged perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/280i, as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b), which in total puts well in excess of $75,000 in controversy, thereby satisfying the jurisdictional amount. *Id.* at Counts I – XXVI and ¶32.a.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT EXISTS

12.     Jurisdiction also exists under 28 U.S.C. 1332(d) because: (1) minimum diversity is satisfied; (2) the number of putative class members exceeds 100; and (3) the amount in controversy exceeds $5 million.

13.     Minimum diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant;" or "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. §1332(d)(2).

14.     Minimum diversity is satisfied here because Plaintiff and the putative class are all citizens of Illinois, and because no defendant is a citizen of Illinois and certain defendants are citizens of foreign nations. *See generally*, First-Amended Complaint (Ex. 1) at ¶¶2, 4 and 6-31.

15.     As previously discussed, Plaintiff have alleged a putative class of more than 100. *Id.* at ¶11.

{M0132131.1}                                    - 3 -

16.     In addition, Plaintiff seeks to recover more than $75,000.00, exclusive of interest and costs, on behalf of the putative class.  Plaintiff alleges that the class's monetary damages are the gambling losses of "hundreds of thousands –possibly millions" of Illinois residents resulting from Defendants' alleged perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/280i, as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b), which makes it reasonable to conclude that the $5 million jurisdictional amount is satisfied.  *Id.* at Counts I – XXVI and ¶32.a.

17.     Because minimum diversity exists, the number of putative class members exceeds 100, and the amount in controversy exceeds $5 million, this Court has jurisdiction under CAFA. 28 U.S.C. §1332(d).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

18.     28 U.S.C. §1441 provides the right to remove a case from state court if that case could have originally been filed in federal court.  In particular, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. §1441(a).

19.     As previously discussed, diversity jurisdiction exists over this case and it could have been brought in federal court, making removal proper.  Further, no defendant is a citizen of the State of Illinois, where suit was originally brought, in satisfaction of 28 U.S.C. §1441(b).

20.     There are no other Defendants known to this removing Defendant REEL, who are named in the State Court Action, who have been served with process in this case.  Defendant REEL has been diligent in attempting to ascertain the identities of all served Defendants to confirm their consent to removal of this State Court Action to this Court.  Undersigned counsel

{M0132131.1}                                         - 4 -

has reviewed the State Court Action to determine whether any returns of service have been filed. As of the date of the Notice of Removal, there have been no returns of service filed in the State Court Action.

21.     In the alternative, because this matter is stylized as a class action and the other requirements have been met, removal is proper regardless of whether any defendant is a citizen of Illinois and even if not all defendants consent to removal. *See* 28 U.S.C. §1453(b).

22.     This Notice of Removal is timely filed within thirty days of Defendant's receipt of the Petition as provided by 28 U.S.C. §1446(b).

23.     Defendants have filed a Notice of Removal ("Notice") with the Clerk of the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.  A copy of the Notice (without exhibits) is attached as **Exhibit 3**.

24.     All documents other than the First-Amended Complaint and Notice of Removal contained in file of the Clerk of the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, and are filed herewith as **Exhibit 4**.

WHEREFORE, Defendant REEL respectfully removes this action from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

MATHIS MARIFIAN & RICHTER, LTD.

By:____*/s/ William J. Niehoff*____
        William J. Niehoff, #6193763
        Laura E. Schrick, #6284750
        23 Public Square, Suite 300
        Belleville, Illinois  62220
        (618) 234-9800
        (618) 234-9786 Fax
        wniehoff@mmrld.com

IFRAH PLLC
A.  Jeff Ifrah *(pro hac vice admission pending)*
David B. Deitch *(pro hac vice admission pending)*
Rachel Hirsch (Bar No. 991122)
1717 Pennsylvania Avenue, Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jeff@ifrahlaw.com
ddeitch@ifrahlaw.com
rhirsch@ifrahlaw.com

Attorneys for Defendant,
*Rational Entertainment Enterprises Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that a copy hereof was served upon all attorneys of record by first class mail, postage prepaid, and electronic delivery via the CM/ECF System on this 9th day of April, 2013 addressed as follows:

> Lloyd M. Cueto
> Law Offices of Lloyd M. Cueto
> 7110 West Main Street
> Belleville, IL 62223
>
> Michael Gras
> Law Office of Christopher Cueto, LTD
> 7110 West Main Street
> Belleville, Illinois 62223

_____*s/William J. Niehoff*_____