# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| KELLY SONNENBERG, individually, and on behalf of all others similarly situated | ) ) ) ) ) | Case No.: 12 L 444 |
| | ) | **FILED** |
| | ) | **ST. CLAIR COUNTY** |
| Plaintiffs, | ) ) | **JAN 2 5 2013** |
| v. | ) ) ) | |
| ISAI SCHEINBERG; PAUL TATE; NELSON BURTNICK; OLDFORD GROUP, LTD.; RATIONAL ENTERTAINMENT ENTERPRISES, LTD.; PYR SOFTWARE, LTD.; STELEKRAM, LTD; SPHENE INTERNATIONAL, LTD.; | ) ) ) ) ) ) ) | CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMAND |
| Defendants. | ) ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

NOW COMES Plaintiff, KELLY SONNENBERG, individually, and on behalf of all others similarly situated, by and through her attorney, Lloyd M. Cueto, and brings this action as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, and alleges as follows:

### NATURE OF ACTION

1. KELLY SONNENBERG, individually, and on behalf of others similarly situated (the "Class"), brings this action against ISAI SCHEINBERG; PAUL TATE; OLDFORD GROUP, LTD.; RATIONAL ENTERTAINMENT ENTERPRISES, LTD.; PYR SOFTWARE, LTD.; STELEKRAM, LTD.; and SPHENE INTERNATIONAL, LTD. ("Defendants"), for claims relating to the marketing, promotion, advertising, transacting, maintaining, engaging and perpetuating of an illegal gambling enterprise, collectively known as "PokerStars". Through



their illegal acts, Defendants knowingly and intentionally accepted gambling losses in violation 720 ILCS 5/28-8.

## PARTIES

2. Plaintiff, KELLY SONNENBERG, is and at all times relevant to this action was, a resident of St. Clair County, Illinois. KELLY SONNENBERG is a party of interest in this controversy pursuant to 720 ILCS 5/28-8 (b) not only because she is "any person" within the definition of Section 28-8(b) but because she is and was at all times relevant directly related to and impacted by someone who lost money gambling on PokerStars.

3. This is a Class Action for money damages. Pursuant to 720 ILCS 5/28-8, Plaintiff, acting individually and on behalf of all others similarly situated, is the proper party to initiate this civil action.

4. Plaintiff seeks class certification pursuant to 735 ILCS 5/2-801, *et seq.*

    A.    Plaintiffs are Illinois residents and persons qualified under 720 ILCS 5/28-8 to prosecute a civil suit against PokerStars concerning its illegal internet gambling operation and the recovery of losses related to said operation.

    B.    Named Plaintiff, KELLY SONNENBERG, represents a state-wide class of Illinois residents closely related to gambling losers entitled to recover in a civil action as defined by 720 ILCS 5/28-8.

    C.    Plaintiffs bring suit to demand return of gambling losses, and for other such recovery as required by 720 ILCS 5/28-8.

5. Defendant Companies, along with the Individual Defendants (all owners, directors, and officers or principals of the Defendant Companies) and outsiders, associated with each other in the form of an Enterprise ("Enterprise") to accomplish a common purpose: engage and perpetrate illegal gambling activities to channel Illinois residents' funds into PokerStars.

6. **Defendant Isai Scheinberg** ("Scheinberg") is an individual residing in the Isle of Man. Scheinberg is– and at all or some relevant time(s) was –a shareholder and director of

PokerStars and/or one or more PokerStars Companies. Scheinberg is and/or was CEO and/or President of Rational Entertainment Enterprises, Ltd. since its founding. At all times relevant to this Complaint, Scheinberg was a founder, owner, and principal decision-maker for PokerStars, an internet poker company founded in or about 2001 with headquarters in Isle of Man. At various times relevant to this Complaint, PokerStars did business through several privately held corporations and other entities, including but not limited to Olford Group, Ltd.; Rational Entertainment Enterprises, Ltd; Pyr Software, Ltd; Stelekram, Ltd; and Sphene International, Ltd. (collectively, "PokerStars"). As of March 2011, PokerStars was the largest poker operator offering gambling on poker games to Untied States residents.

7. **Defendant Paul Tate** ("Tate") is an individual residing in the Isle of Man and a member of the Enterprise. Tate is – and at all relevant times was – an employee of PokerStars and/or one or more PokerStars Companies. Burtnick has directed or otherwise participated in the conduct of the PokerStars Company affairs, especially with respect to payment processing activity. Tate has served and/or is serving as the head of payment processing for PokerStars.

8. **Defendant Nelson Burtnick** ("Burtnick") is an individual residing in Ireland, and is and/or was, for some and/or all times relevant to this Complaint, an employee of PokerStars and the head of the payment processing department for PokerStars. Burtnick has directed or otherwise participated in the conduct of the PokerStars Company affairs, especially with respect to payment processing activity.

9. **Defendant Rational Entertainment Enterprises, Ltd.** ("Rational Entertainment") is a corporate person and the exclusive poker software developer and licensor for PokerStars. Rational Entertainment has participated in and/or directed PokerStars and its illegal acts. Rational Entertainment is the parent company of other PokerStars Companies.

10. **Other Shell Company Defendants** ("Shell Companies") are corporate persons and subsidiaries of PokerStars created at various relevant times to help further the illegal goal of accepting internet gambling losses from Illinois residents. These companies include but are not limited to Olford Group, Ltd.; Rational Entertainment Enterprises, Ltd; Pyr Software, Ltd; Stelekram, Ltd; and Sphene International, Ltd.

## CLASS ACTION ALLEGATIONS

11. Plaintiffs bring this action as a class pursuant to 735 ILCS 5/2-801.

a. *Numerosity.* The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are hundreds of thousands – possibly millions – of Illinois poker players who lost money to PokerStars and whose close relatives are entitled to tripled recovery of said losses in accordance with 720 ILCS 5/28-8.

b. *Commonality.* Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

A. Whether an illegal gambling enterprise existed in violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8.;

B. Whether Defendants were each employed by or associated with the enterprise;

C. Whether Defendants participated in the conduct or affairs of the enterprise;

D. Whether injuries to Plaintiff were sustained by reason of the Defendants' activities in violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8.

c. *Typicality.* Plaintiff's claims are typical of the claims of the members of the Class because close relatives of Illinois residents who lost money gambling through PokerStars are entitled to tripled recovery pursuant to Section 28-8(b).

d. *Adequacy.* Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class actions and complex civil litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the Class.

12. Class action status in this action is warranted because prosecution of separate actions by members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical manner, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

13. Class action status is also warranted because prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for defendants, and questions of law or fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

## JURISDICTION AND VENUE

14. Subject Matter Jurisdiction. This Court has jurisdiction over this action pursuant to 720 ILCS 5/28-8 and 720 ILCS 5/28-1.

15. Personal Jurisdiction. This Court has personal jurisdiction over the Defendants because all Defendants, through their conduct and participation with the Enterprise, have done significant and continuous business in the State of Illinois.

16. Named Plaintiff, and those plaintiffs defined in the class are residents of the State of Illinois. These plaintiffs sustained their injuries in the State of Illinois.

17. Venue. Venue is proper in this Circuit because there is no other circuit in which every defendant can be found, and because there is no single identifiable district in which a substantial part of the relevant events can be said to have 'occurred' or where a substantial part of the property that gave rise to the action is physically located.

## FACTUAL BACKGROUND

18. PokerStars is an umbrella undertaking and brand name under which a number of privately held companies and other ventures, the "PokerStars Companies," do business in the State of Illinois, the United States and internationally.

19. PokerStars's primary face to Illinois residents has been the PokerStars internet gambling venture, which includes the online card rooms accessed through the PokerStars software, which is downloaded from PokerStars's "real-money" gambling website, "pokerstars.com." The PokerStars internet gambling venture is a product that was launched, directed, and managed, in part, by members of the Enterprise working in concert.

20. PokerStars also maintained an aggressive marketing team that promoted PokerStars in the State of Illinois and elsewhere. PokerStars sponsored certain high-stakes poker players and televised gambling events around the world. PokerStars promoters played high stakes poker games as representatives of PokerStars, wearing the PokerStars insignia. These advertisements were specifically directed to poker players. When PokerStars's marketing efforts were successful, they induced gamblers to navigate to PokerStars's website and open an account there. PokerStars deliberately established contacts with gamblers in Illinois and derived revenue from

gamblers in Illinois because it intended to keep or grow its stake in the Illinois internet poker market.

21.  PokerStars's direct commercial contacts with Illinois residents include:

- accepting gambling losses from Illinois residents;

- soliciting players through internet advertisements and links;

- buying advertisements on television programs that are readily accessible to residents of Illinois;

- sponsoring high-stakes gamblers and games televised to residents of Illinois;

- obtaining contact and personal information, including bank account information, from Illinois residents through the internet;

- entering into a contract with internet gamblers from Illinois regarding the PokerStars software that real money and play-money players downloaded;

- maintaining player accounts for all Illinois resident players and providing access to those accounts through the internet;

- sponsoring poker celebrities, including the Individual Defendants, to play (in person) for the PokerStars brand and wear PokerStars patches in televised games shown in Illinois.

22.  There were a number of companies and individuals working within the PokerStars outfit – all agents, representatives, directors, owners, officers and/or principals of the PokerStars outfit – that were joined together for the purpose of obtaining and processing players' funds. The entities in the Enterprise shared the common purposes of maintaining PokerStars's position in the market by enabling and participating in transactions with Illinois residents.

23. PokerStars Companies that formed the Enterprise include, but are not limited to, the following groups:

    A. The PokerStars professional poker players who own and, in part, direct, the PokerStars Enterprise;

    B. Rational Entertainment, the exclusive poker software developer and licensor for the Enterprise;

    C. Other Shell Companies that are apparently associated with the Enterprise.

24. Each of the above-named entities is or was a member of the PokerStars Enterprise at a time or times relevant to this Complaint.

25. Profits from the PokerStars website, player deposits, gambling losses, licensing fees, agreements, merchandise sales, and other PokerStars ventures, were distributed amongst the Defendants.

26. Illinois residents, during all relevant times, have been targeted by the PokerStars marketing campaigns, have navigated to the PokerStars website, have opened accounts deposited their own funds into those accounts, played "real money" poker using the PokerStars product and lost money to Defendants.

27. On April 15, 2011, the card rooms were shut down by the Department of Justice. Individuals associated with the Enterprise were charged by the U.S. Attorney for the Southern District of New York in a criminal indictment which alleged wire fraud, bank fraud, money laundering and operating in violation of State and Federal Laws. Defendants Scheinberg and Tate are among the named criminal defendants in that action. PokerStars and associated entities are named as defendants in a companion civil action, also filed by the US Attorney for the Southern District of New York. In connection with these pending actions, the Department of

Justice has seized and sought the forfeiture of PokerStars assets, including its domain name, several of its bank accounts, and profits. The department of justice has not sought forfeiture of U.S. player funds.

28. On or about April 15, 2011, the U.S. Attorney for the Southern District of New York seized the assets of the internet poker companies operating illegally in the United States, one of which was "PokerStars". Arrest warrants were issued for certain founders of these companies for, among other offenses, money laundering, conspiracy to commit wire fraud, and conspiracy to commit bank fraud. The Department of Justice also filed a civil suit for in rem forfeiture of all assets and proceeds derived the illegal acts in which these companies allegedly engaged.

29. Pokerstars has since resumed operations and continues to receive gambling losses from Illinois residents.

30. In or around August 2012, Pokerstars purchased some and/or all of another online poker enterprise, Full Tilt Poker. Like Pokerstars, Full Tilt Poker has accepted and/or continues to accept gambling losses from Illinois residents in violation of 720 ILCS 5/29-1 and 720 ILCS 5/28-8.

31. Hundreds of thousands – if not millions – of Illinois residents held personal funds in individual, "secure" accounts with PokerStars. Customers regularly engage in internet poker games for real-money, on the PokerStars website, using PokerStars software, and drawing on their PokerStars accounts.

32. At all or some relevant time(s) Defendants joined together to form an illegal gambling enterprise ("Enterprise") – an association-in-fact which operated under the name of, acted through, and/or held itself out as "PokerStars." The Enterprise achieved that end through illegal means, in particular through violations of 720 ILCS 5/28-1 (et.at.) and 720 ILCS 5/28-8.

33. Illinois residents who played for real-money on the PokerStars website were required to maintain a Player Account with PokerStars. Illinois residents deposited their funds into their personal "secure" Player Accounts through a number of methods, including credit and debit card transactions and wire transfers. The deposited funds were kept separate from operating funds in escrow or bailment. Upon establishing their Player Accounts and depositing a minimum sum into their Player Accounts, Illinois residents were free to play for "real-money" in PokerStars card rooms with players from all over the world and even with professional poker legends sponsored by PokerStars.

34. PokerStars sponsor elite professional players, who play for and promote the brand in high-stakes events like the internationally televised World Series of Poker. Sponsored pros also directly interact with poker players through the PokerStars website, wear company gear with the PokerStars insignia during all professional events, and make public statements to publicize their affiliation with PokerStars. Perhaps most importantly, some of the sponsored pros own an equity interest in – and are directors of – the PokerStars and/or the entities that operate under the PokerStars name.

35. At all relevant times herein, Defendants actions, individually and collectively, violated 720 ILCS 5/28-1, in particular Subsections(a)(1) and (a)(12) which respectively state that a person commits the unlawful act of gambling when he:

> Plays a game of chance or skill for money or other thing of value, unless excepted in subsection (b) of this Section; or

> Knowingly establishes, maintains, or operates an Internet site that permits a person to play a game of chance or skill for money or other thing of value by means of the Internet or to make aw ager upon the result of any game, contest, political nomination, appointment, or election by means of the Internet. This item (12) does not apply to activities referenced in items (6) and (6.1) of subsection (b) of this Section.

<u>COUNT I</u>
## <u>(Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Isai Scheinberg)</u>

36.  Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

37.  720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

38.  720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

39.  The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

40.  Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award recovery as set forth before and for any other relief the Court deems proper.

## COUNT II
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Paul Tate)

41. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

42. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

43. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

44. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

45. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation

of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant

to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated

respectfully requests this Court enter judgment in favor of Plaintiff and award recovery as set

forth before and for any other relief the Court deems proper.

## COUNT III
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Nelson Burtnick)

46.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this

Count.

47.   720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any
> sum of money or thing of value, amounting to the sum of $50 or
> more shall pay or deliver the same or any part thereof, may sue for
> and recover the money or other thing of value, so lost and paid or
> delivered, in a civil action against the winner thereof, with costs, in
> the circuit court.  No person who accepts from another person for
> transmission, and transmits, either in his own name or in the name
> of such other person, any order for any transaction to be made
> upon, or who executes any order given to him by another person,
> or who executes, shall under any circumstances, be deemed a
> "winner" of any moneys lost by such other person in or through
> any such transact-tions.

48.   720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection
> 28-8(a) is entitled to initiate action to re-cover his losses does not
> in fact pursue his remedy, any person may initiate a civil action
> against the winner.  The court of the jury, as the case may be, shall
> determine the amount of the loss.  After such determination, the
> court shall enter a judgment of triple the amount so determined.

49.   The defendant named in this Count individually, and in association with others

violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the

amount of Illinois residents' losses.

50. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award recovery as set forth before and for any other relief the Court deems proper.

## COUNT IV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Oldford Group, LTD)

51. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

52. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

53. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

54. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

55. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award recovery as set forth before and for any other relief the Court deems proper.

## COUNT V
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Rational Entertainment Enterprises, Ltd.)

56. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

57. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

58. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

59. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

60. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award recovery as set forth before and for any other relief the Court deems proper.

## COUNT VI
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant, PYR Software, LTD.)

61. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

62. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a

"winner" of any moneys lost by such other person in or through any such transact-tions.

63. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

64. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

65. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award recovery as set forth before and for any other relief the Court deems proper.

## COUNT VII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant, Stelekram, LTD.)

66. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

67. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in

the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

68. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

69. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

70. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award recovery as set forth before and for any other relief the Court deems proper.

### COUNT VIII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant, Sphene International, LTD.)

71. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

72. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

73. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

74. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

75. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award recovery as set forth before and for any other relief the Court deems proper.

Respectfully Submitted,

LLOYD M. CUETO, IL #6292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, Illinois 62223
618/277-1554
618/277-0962 (facsimile)

Michael Gras, IL #6303414
Law Office of Christopher Cueto, LTD
7110 West Main Street
Belleville, IL 62223
Phone: (618) 277 – 1554
Fax: (618) 277 – 0962