## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KELLY SONNENBERG, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ISAI SCHEINBERG; PAUL TATE; NELSON BURTNICK; OLDFORD GROUP, LTD.; RATIONAL ENTERTAINMENT ENTERPRISES LTD.; PYR SOFTWARE, LTD.; STELEKRAM LTD.; SPHENE INTERNATIONAL LTD.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 13-344-JPG-SCW<br><br><br>**JURY TRIAL DEMAND** |

## DEFENDANT RATIONAL ENTERTAINMENT ENTERPRISES LTD.'S REPLY BRIEF[1]

**Equities Dictate the Dismissal of this Action.** This case comes at the tail end of a well-known and highly publicized federal forfeiture proceeding in which the PokerStars group of companies forfeited a total of $731 million to the U.S. government.  Plaintiff's suggestion in her Affidavit that she never "received notice of the existence of any other lawsuit concerning the Poker Stars gambling enterprise," (which presumably includes notification of the civil forfeiture proceedings) is undermined by her own allegations in paragraph 28.[2] *See* FAC ¶28 (alleging that the DOJ "filed a civil suit for in rem forfeiture of all assets and proceeds").

---

[1] **Statement of Exceptional Circumstances**:  Plaintiff seeks recovery against Defendant Rational Entertainment Enterprises Ltd. ("REEL") in what purports to be a class action based on an obscure and misapplied statue.  Plaintiff fundamentally miscomprehends the role of the company and the application of the gambling-loss recovery statute to it. This Reply should assist the Court in its determination.

[2] To claim that she had no notice of the Southern District of New York proceedings before this lawsuit is also disingenuous given the publicity those proceedings received, as well as the fact that she claims that her own son was a player on the PokerStars' website and would have

The issue in this case is not whether federal preemption precludes this particular state action. Rather, the issue is whether the Illinois Loss Recovery Act ("LRA") permits Plaintiff to require the PokerStars group of companies to pay the same monies they already forfeited a second time.[3]  The answer is no.  Double recovery is neither provided for, nor contemplated, under the LRA. *See Holland v. Swain*, 94 Ill. 154, 157 (1879).  Here, the equitable goal of the LRA—to deter illegal gambling—has already been achieved, and, therefore, Plaintiff's FAC fails and must be dismissed.

**Plaintiff Fails to Meet Her Burden of Proof as to Personal Jurisdiction.**  Despite Plaintiff's claims to the contrary, REEL has never conceded that Illinois citizens lost money to it (*see* Pl. Response at p. 5) or that "PokerStars transacted business with Illinois gamblers" (*see id.* at p.9).  Rather, REEL submitted an Affidavit clearly demonstrating, among other things, that it lacks minimum contacts with the State of Illinois such that the exercise of personal jurisdiction over it would not comport with traditional notions of fair play and substantial justice.  Plaintiff, however, failed to respond to the facts raised in REEL's Affidavit in the affidavit she attached to her Response, including, among other things, that REEL is not the "exclusive poker software developer and licensor for PokerStars" as Plaintiff claims and upon which Plaintiff hinges her claim of personal jurisdiction over this defendant.  Although, generally, a plaintiff need only make a prima facie showing of personal jurisdiction over a defendant at the motion stage, the Seventh Circuit has found that a "plaintiff's failure to answer the affidavits of [defendants] supporting their motion for dismissal [is] a failure by the plaintiff to carry her burden of showing personal jurisdiction in the face of affidavits supporting the motion to dismiss." *Geist v. Martin*,

---

received notice of those proceedings when trying to access his player account after April 15, 2011.

[3] The astounding and unprecedented sum of the forfeiture itself weighs in favor of dismissal of this action.

675 F.2d 859, 862 (7th Cir. 1982). Plaintiff's failure here to submit her own affidavit rebutting the jurisdictional facts raised in Rational FT's affidavit is fatal to her claim of personal jurisdiction. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003) (citing with authority decisions from other circuits that "emphasize that, once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction").

Rather than dispute the fact that REEL was never present in the State of Illinois, Plaintiff's Response again repeats the same deficient cookie-cutter allegations of personal jurisdiction she raises in her FAC. Indeed, other than repeating the same erroneous claim that REEL is the "exclusive software developer and licensor for PokerStars," Plaintiff's Response never directly addresses how REEL, by itself, conducted business in Illinois such as to confer jurisdiction over it. Instead, Plaintiff's Response repeatedly refers to the alleged "PokerStars enterprise" and tries, ineffectively, to attribute the alleged collective "direct commercial contacts" of the alleged enterprise to REEL. Such allegations, however, are insufficient to establish general personal jurisdiction over a defendant. *See Wysnoski v. Millet*, 759 F. Supp. 439, 441-42 (N.D. Ill. 1991) (personal jurisdiction must be considered **separately** for each defendant although their ties may aid in the analysis). Moreover, Plaintiff's claim in her Response that PokerStars software was "found physically inside the state on players' computers" is equally unavailing, as it does not demonstrate how REEL, or any of the PokerStars defendants for that matter, "purposefully" directed or targeted Illinois residents. PokerStars is an international company, and the fact that some Illinois residents may (or may not) have access to

its software is insufficient to establish specific personal jurisdiction over REEL, a single

PokerStars entity.

**Plaintiff Fails to Establish that REEL is a "Winner" within the Meaning of the**

**LRA.**  Even accepting as true Plaintiff's barebones allegations regarding REEL's purported role

within the alleged PokerStars enterprise, Plaintiff fails sufficiently to allege that "exclusive

software developer and licensor for PokerStars" is a "winner" within the meaning of the LRA.

The cases Plaintiff cites in her Response fail to advance her claim that REEL is a "winner."

Those cases pre-date the current iteration of the LRA involve the owner of a gambling

establishment who kept his agents' winnings (*see Zellers v. White*, 208 Ill. 518 (1904)) and a

defendant brokerage firm which entered into contracts to bet on grain prices (*see Kruse v. Kennet

et al.*, 181 Ill. 199 (1899)).  In both cases, the defendants had a direct stake in the outcome of the

gambling. Here, Plaintiff fails to allege that REEL in any way participated in the alleged games,

directed someone to participate on its behalf, or had a stake in how the game is decided.  As

such, Plaintiff has failed to establish that REEL is, by any definition of the word, a "winner"

within the meaning of the LRA.[4]

**Plaintiff Fails to Meet Her Burden of Pleading.**  Plaintiff's Response seemingly

concedes that Plaintiff failed to allege that REEL, specifically, was present in the State of Illinois

at the time of the alleged transaction leading to the alleged loss(es).  Instead, Plaintiff turns the

table on REEL and claims that REEL "never mentions or contradicts Plaintiff's allegations or

discusses where they believe the gambling actually occurred."  *See* Pl. Response at p. 13.  It is

Plaintiff, however, not REEL, who bears the burden of pleading here.  In this case, Plaintiff's

---

[4] Indeed, its alleged role within the company is far removed from the actual gaming itself such
that a comparison to the third-party credit card companies in *Reuters* is warranted.

FAC fails to allege the location of the alleged "winners" and "losers" at the time the purported

gambling took place – a critical determination to the application of the LRA.

Dated: June 3, 2013

MATHIS MARIFIAN & RICHTER, LTD.          IFRAH PLLC

By:  ___ */s/ William J. Niehoff* _____          By:  ___ */s/ David B. Deitch (w/ consent)*
William J. Niehoff, #6193763          David B. Deitch *(admitted pro hac vice)*
Laura E. Schrick, #6284750          A. Jeff Ifrah *(admitted pro hac vice)*
23 Public Square, Suite 3000          Rachel Hirsch (Bar No. 991122)
Belleville, Illinois 62220          1717 Pennsylvania Avenue, N.W.
(618) 234-9800; (618) 234-9786 Fax          Washington, D.C. 20006
wniehoff@mmrltd.com          (202) 524-4140; (202) 524-4141 fax
lschrick@mmrltd.com          ddeitch@ifrahlaw.com
          jeff@ifrahlaw.com
          rhirsch@ifrahlaw.com

          *Attorneys for Defendant*
          *Rational Entertainment Enterprises Ltd.*

## CERTIFICATE OF SERVICE

        This is to certify that a copy hereof was served upon all attorneys of record by electronic
delivery via the CM/ECF System on June 3, 2013, addressed as follows:

        Lloyd M. Cueto          Michael Gras and Christopher Cueto
        Law Offices of Lloyd M. Cueto          Law Office of Christopher Cueto, LTD
        7110 West Main Street          7110 West Main Street
        Belleville, IL 62223          Belleville, Illinois 62223

        */s/ William J. Niehoff*