IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELY SONNENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13–cv–344–DRH–SCW |
| ) | |
| ISAI SCHEINBERG, PAUL TATE, ) | |
| NELSON BURTNICK, OLDFORD ) | |
| GROUP LTD., RATIONAL ) | |
| ENTERTAINMENT ENTERPRISES ) | |
| LTD., PYR SOFTWARE LTD. , ) | |
| STELEKRAM LTD., and SPHENE INT'L ) | |
| LTD. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

# ORDER

**WILLIAMS, Magistrate Judge:**

Plaintiff Kelly Sonnenberg raises claims stemming from an allegedly illegal online gaming operation.  (Doc. 4-1).  The case was removed from state court on April 9, 2013.  Since that time, Defendant Rational Enterprises filed a Motion to Dismiss alleging failure to state a claim and lack of personal jurisdiction. (Doc. 9). The Motion to Dismiss is currently under advisement with the Court. Defendant Rational Enterprises also filed a Motion for a Protective Order against Class Action Discovery, or in the Alternative, to Stay Class Action Discovery.  (Doc. 23).  The Court granted the Motion for a Protective Order on June 17, 2013. (Doc. 31).  Now, Defendant Rational Enterprises moves for an order staying all discovery until the pending Motion to Dismiss is resolved.  (Doc. 34). Plaintiff responded on August 6, 2013 (Doc. 37), and Defendant replied on August 13, 2013 (Doc.

38). The Court then held a hearing on August 16, 2013. Because the Court finds that it is appropriate to stay all discovery, it **GRANTS** Defendant's Motion for a Stay.

Staying discovery is a discretionary decision "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time for itself, for counsel, and for litigants." **Landis v. N. Am. Co., 299 U.S. 248, 254 (1936);** *Accord* **Fed. R. Civ. P. 26(c).** The court's discretion in granting a stay must be exercised in accordance with the principles of equity and judicial economy. *See* **Radio Corp. of Am. v. Igoe, 217 F.2d 218, 220 (7th Cir. 1955)(citing Landis, 299 U.S. at 354); Pattison v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 1997) (finding broad discretion in matters of discovery); Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (7th Cir. 1997) (when and how to stay proceedings is within the sound discretion of the court); Semien v. Life Ins. Co. of N. Am., 436 F.3d 805, 813 (7th Cir. 2006) (broad discretion in controlling discovery); George v. Kraft Foods Global Inc., No. 06-cv-798-DRH, 2006 WL 3842169, at *1 (S.D.Ill. Dec. 22, 2006).** A stay of discovery is generally appropriate when a party raises a potentially dispositive threshold issue. **United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988); Douglas v. Potter, No. 05–cv–0578, 2006 U.S. Dist. LEXIS 18063, at *1 (S.D. Ill. Apr. 7, 2006) (discovery cannot be conducted efficiently until basic questions answered, including whether jurisdiction attaches); DSM Desotech Inc. v. 3D Systems Corp., 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("Stays are often deemed appropriate where a motion to dismiss can resolve a threshold issue.").**

The Court's finding in the original grant of the protective order still stands. The pending dispositive motion concerns threshold questions with narrow issues that require no further fact discovery, and Defendant would be prejudiced if they engaged in voluminous unnecessary discovery only to have their dispositive motion prove meritorious. The Court finds that discovery here would

be burdensome, and it should be deferred. It is clearly too difficult for the parties to draw a clear line between class certification issues and general discovery issues. Plaintiff argues that she needs leave to conduct discovery into the jurisdictional issues addressed by the Motion to Dismiss. The Court finds that the Motion is not postured so as to inject discovery issues into the Motion itself. Those Motions have been fully briefed and it is within the discretion of the District Judge whether to deny those Motions on the basis that they raise factual issues requiring discovery. Finally, it should also be noted that the trial in this case is not scheduled until April 2015, almost two years from now. A short stay in discovery will not prejudice Plaintiff's ability to prosecute her case, should she prevail on Defendant's dispositive motion.

This Order is not intended to address objections to the discovery itself; and the Court declines to find that any of the propounded discovery was inappropriate. Should the case survive, the Court will address any objections at that time.

Defendant Rational Enterprise's Motion for a Protective Order Staying Discovery is **GRANTED.** Class action discovery is stayed as to Rational Enterprises for four (4) months or until resolution of the pending Motion to Dismiss, whichever is earlier. Plaintiff to withdraw her subpoenas to third parties.

**IT IS SO ORDERED.**

DATE: <u>August 16, 2013</u>               /s/ *Stephen C. Williams*
                                           **STEPHEN C. WILLIAMS**
                                           United States Magistrate Judge