1

1

2                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF ILLINOIS
3

4    Kelly Sonnenberg,          )      13-344
                                )
5             Plaintiffs,       )
                                )
6        Vs.                    )      East St. Louis, Illinois
                                )      August 16, 2013
7    Isai Scheinberg, et al.,   )
                                )
8             Defendants,       )

9                    TRANSCRIPT OF MOTION HEARING,
              BEFORE THE HONORABLE STEPHEN C. WILLIAMS,
10                 UNITED STATES MAGISTRATE JUDGE.

11   APPEARANCES:
     For the Plaintiffs:      Law Office of Lloyd Cueto
12                            By:  Lloyd Cueto
                                   Michael J. Gras
13                            7110 West Main St.
                              Belleville, IL  62223
14
     For the Defendants:      Ifrah PLLC
15                            By:  David B. Deitch
                                   Jeff Ifrah
16                                 Rachel Hirsch
                              1717 Pennsylvania Ave. NW
17                            Suite 650
                              Washington, D.C. 20006
18
                              Daniel R. Johnson
19                            333 West Wacker Dr.
                              Chicago, IL  60606
20
                              Mathis, Marifian & Richter, Ltd.
21                            By:  William J. Niehoff
                              23 Public Square
22                            Belleville, IL  62222

23   Court Reporter:          Barbara Kniepmann
                              750 Missouri Avenue
24                            East St. Louis, IL  62202

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.

2

1     (Whereupon the following proceedings were held via

2     teleconference in open Court.)

3             THE COURT:  Okay, good morning.  This is Judge

4     Williams and we're here in two cases, Sonnenberg versus

5     Scheinberg, et al., case 13-344-DRH-SCW.  We're also here for

6     Fahrner versus Bitar, case 13-227-DRH-SCW.

7             We're here for a motion hearing that has been filed,

8     very similar Motion to Stay Discovery on behalf of Defendant

9     Rational Entertainment Enterprises or Rational FT Enterprises,

10    Motion for Protective Order Staying Discovery in both the

11    Sonnenberg and Fahrner cases.

12            The motion has been responded to and replied to.  It

13    has been fully briefed.  We can distinguish where necessary

14    between the two cases, but I want to go ahead and just take

15    argument in both cases and if counsel believes that there are

16    points at which, and I know it has been raised in the papers,

17    that there are aspects, and in some cases important aspects

18    that distinguish the two cases.  Much of the argument is the

19    same and so we can take the argument together.  So before we

20    get started, first those who are on the line for the

21    plaintiffs, please identify themselves, and since we're taking

22    this down, for the court reporter each time that you are

23    speaking if you would also identify yourself.

24            MR. GRAS:  This is Michael Gras on behalf of the

25    plaintiffs.

1          THE COURT:  Who was the second person?

2          MR. CUETO:  Lloyd Cueto for the plaintiff.

3          THE COURT:  Good morning Mr. Gras and Mr. Cueto.

4          All right for the defendants?

5          MR. NIEHOFF:  Your Honor, Bill Niehoff on behalf of

6     defendants.

7          MR. DEITCH:  Your Honor, David Deitch on behalf of

8     the defendants.

9          THE COURT:  Okay.  Whoever is speaking right now, we

10    couldn't hear you, you are coming in really faint.

11         MS. HIRSCH:  Good morning, Your Honor.  Rachel Hirsch

12    and Jeff Ifrah on behalf of the defendants as well.

13         THE COURT:  Miss Hirsch and who else?

14         MR. IFRAH:  Jeff Ifrah.

15         THE COURT:  Okay.

16         MR. JOHNSON:  Dan Johnson on behalf of the

17    defendants.

18         THE COURT:  All right, I think that is everybody.

19    Anyone else out there?

20         Well, I have read the motion and response and

21    replies, so it is defendant's motion.  Who wants to argue, if

22    you want to add anything to what you have already said in the

23    papers?

24         MR. DEITCH:  Your Honor, David Deitch, and I'll just

25    address the issues briefly and then I can certainly answer any

4

1    questions that the Court has and respond to anything further.

2         The motion arises, Your Honor, from your finding in

3    your June 17th order which was a ruling on our motion that was

4    somewhat more limited that sought a stay of just class

5    certification discovery, which we understood at the time to be

6    prioritized in the scheduling order.

7         In your order, Your Honor, in the text that starts on

8    page two and goes over onto page three, you said the

9    following:  Let me just -- it is just a couple of sentences.

10   You said, "The pending dispositive motion concerns threshold

11   questions with narrowed issues that require no further fact

12   discovery and defendant would be prejudiced if they engaged in

13   voluminous unnecessary discovery only to have their

14   dispositive motion proved meritorious.  It shall also be noted

15   that the trial in this case is not scheduled until April of

16   2015."  This is from, excuse me, from the Sonnenberg case,

17   almost two years from now.  "A short stay in discovery will

18   not prejudice plaintiff's ability to prosecute her case should

19   she prevail on defendant's dispositive motion," and then you

20   granted the motion.

21        That exact analysis applies here, that a short stay

22   of the type we seek in our motion will not prejudice the

23   plaintiff and is in accord with the standard that you cited in

24   that June 17th ruling about seeking to serve judicial economy

25   and equity and the need for the broader stay that encompasses

1    not only class action discovery, but also all discovery has

2    been reinforced by our experience since we filed our motion

3    seeking that more limited relief, and we talk a little in our

4    motion and in our reply brief about that, about the voluminous

5    discovery that plaintiffs have sought in this case, the

6    significant burdens that it would place on the defense if we

7    were required to proceed with that discovery at this time and

8    our position, of course, Your Honor, is that that discovery

9    will ultimately be unnecessary because we believe we have a

10   meritorious motion pending with the Court which would dismiss

11   the Complaint.  Given the relatively short length of the stay

12   that we seek, if, in fact, the plaintiff prevails on the

13   Motion to Dismiss, in defeating the Motion to Dismiss, there

14   will be plenty of time to pursue all of the discovery and we

15   can address the specific issues relating to the proper scope

16   of that discovery because those are separate issues as well.

17   But our view is that your finding in your June 17th order

18   applies with equal and greater force to support the motion

19   that we filed at this time.

20        I am happy to address any other issues or answer any

21   other questions that the Court has.

22        THE COURT:  Okay.  I don't have any additional

23   questions at this time.  Plaintiff?

24        MR. GRAS:  Well, Your Honor, after you had granted

25   the Stay of Class Action Discovery --

6

1          THE COURT:  This is Michael Gras.

2          MR. GRAS:  I am sorry, yes, Mr. Gras.  Your Honor,

3    you had said on the following status conference with the Court

4    that order did not stay all discovery.  You thought certain

5    discovery should go forward, discovery that might be able to

6    narrow the parties of the case, narrow the issues a little

7    further.

8          THE COURT:  Well, Mr. Gras, we didn't talk

9    specifically about what discovery I thought should go forward,

10   but as to what purposes, I don't believe -- it was that -- my

11   recollection is that, and I may be wrong about this, was that

12   they asked for Stay of Class Cert Discovery and that is what I

13   gave them.  I clarified that that is what the order was

14   because that was what the relief was sought.

15         MR. GRAS:  Sure.  Okay, Your Honor, since then you

16   know the discovery we propounded, most of it is not class

17   discovery and it is discovery that while we certainly think we

18   will win on our Motion to Dismiss without it, because we take

19   all the facts as true, I think a lot of the discovery we're

20   asking for is certainly going forward on the Motion to Dismiss

21   will support our arguments and will clearly show jurisdiction

22   is proper for the defendants.

23         THE COURT:  Let's just talk about that.

24         MR. GRAS:  The entire thrust of the Motion to Dismiss

25   on the Full Tilt Poker case, which is the Fahrner case, the

7

1   organization of the defendants, the formation of the

2   defendants.  Your Honor, we have to start with what we know

3   what happened here.

4          THE COURT:  Mr. Gras, let me just cut you off.  I

5   have a quick question about this.  At what point did the

6   plaintiffs ascertain that you were going to need to do

7   discovery on motions that had been fully briefed?

8          MR. GRAS:  Well, all right, our response to those

9   motions to dismiss, Your Honor, we said in the motions that we

10  thought more discovery was needed on those issues.

11         You know, if the Court wants us to have an order

12  allowing discovery for issues on jurisdiction for the issues

13  brought up in the Motions to Dismiss then, you know, if we

14  need to file a motion to ask for that discovery, Your Honor,

15  we would be happy to do so, but I was under the impression

16  that we would be able to work through the normal Court

17  discovery procedures and, you know, ascertain what discovery

18  might be proper and what wouldn't for those briefs and for

19  those issues raised in the Motion to Dismiss.

20         THE COURT:  Well, you can understand why I am asking

21  is those -- you responded to the motion.  Your position, the

22  way I see it, simply is they should be denied and if there is

23  going to be additional issues raised, discovery will address

24  those issues.  But if your position is no, there shouldn't be

25  a ruling on this until we have had an opportunity to more

1  fully explore this through discovery, that is another matter.

2  I mean because Judge Herndon has these motions briefed.  If

3  the request is, well, we need to do discovery in order to

4  answer the motions, that is different than they are briefed,

5  we think on the face of the Complaint we get by and then we

6  can do discovery on remaining issues or discovery can address

7  remaining issues that may be raised again.

8          MR. GRAS:  Okay.  Well, Your Honor, I certainly would

9  feel more comfortable having those motions heard with the

10  additional discovery.  I think we should win on the basis of

11  the Complaint.  I think that discovery is necessary to our

12  case, so I thought the response as to Judge Herndon that we

13  needed more discovery to fully answer this, but we need to

14  file separate motion and make it a separate issue, we would be

15  happy to do so.

16          THE COURT:  Can you reference me to the document you

17  are talking about and which response, where it is you are

18  talking about so I can specifically look at what it is you are

19  alleging here?

20          MR. GRAS:  Sure.  In the Sonnenberg case, Your Honor,

21  it is Document 20 and --

22          THE COURT:  Hang on.  Point me to the page, please,

23  so we can expedite this.

24          MR. GRAS:  Sure, Your Honor, I'm looking for it.

25  Page nine, and I just did a little find for discovery so there

1    might be more.  I just know the middle of page nine I said,

2    "General personal jurisdiction is adequately alleged at this

3    point in the proceedings.  The defendant's motion should be

4    denied at least until further discovery can be conducted on

5    this matter."  I think, yeah, that was on jurisdiction.  I

6    brought it up again in the conclusion.  I think the Fahrner

7    case is a lot more clear because there is, obviously, more

8    discovery needed to answer the question because of the issues

9    of corporate successor liability.  The Fahrner case, the

10   document number is 70.  I brought it up on page nine again at

11   the top of the page.  Again on page ten, Your Honor, right

12   before section D.

13          THE COURT:  Okay.  All right, I see where you are

14   talking about.  You may continue.

15          MR. GRAS:  Well, I am not really sure where I was at,

16   Your Honor, but I think the main issue, the discovery we're

17   seeking, and I don't necessarily know if I consider it as

18   voluminous discovery.  I have certainly seen cases where

19   discovery was more discovery than this case.  The main things

20   we're asking are to take corporate representative depositions

21   on the corporate structure of the defendants.  I think that is

22   necessary no matter how the case proceeds.  It is extremely

23   relevant to the Motions to Dismiss.  I don't really see, you

24   know, on top of that, Your Honor, the main argument that the

25   defendants are using to try to get out of giving any discovery

1  is that it would be burdensome for them to do so.  As we

2  discussed in the brief though, they are fine letting us talk

3  to somebody informally to let them answer the questions.  The

4  deposition, I don't see why it would be too much more

5  burdensome to take sworn testimony on this matter.  Going to

6  the other discovery we have asked for, I understand some of

7  that may overlap with class certification, but the contacts

8  that these players had or defendants had with the players in

9  the State of Illinois is certainly relevant to jurisdictional

10  arguments, so there are different types of data we asked for

11  with the corporate data, with the gaming data, some of which

12  has to do with identifying Illinois players specifically by

13  the account holders, the names, the key address they use.

14       We also asked for the complete set of hand history.

15  That, in all fairness, may be voluminous and the history may

16  relate more to the class certification issues in all fairness,

17  Your Honor, but the fact that these players had the accounts

18  with Full Tilt and Rational and, Your Honor, with Poker Stars

19  is certainly relevant to the contacts that these defendants

20  had with the states.

21       THE COURT:  Okay, class?

22       MR. GRAS:  I don't know if you want to get into all

23  of the discovery we asked for, but as far as overarching

24  issues, Your Honor, I don't think discovery should be stayed.

25  Staying discovery is a pretty --

1          THE COURT:  I couldn't hear what you said after

2    staying discovery is pretty.

3          MR. GRAS:  It is a drastic measure, Your Honor.  It

4    is a drastic measure.  It is extraordinary.  I don't think

5    this case warrants that.

6          THE COURT:  Well, I don't know if it is extraordinary

7    or drastic, but it is certainly something that happens from

8    time to time.  It is not normally what occurs.  The question

9    is whether it is appropriate for a given case.  Any additional

10   response?

11         MR. DEITCH:  This is David Deitch.

12         Yes, Your Honor, I'll try to be relatively brief.

13   There are four specific things.  First we said this in our

14   papers.  I think we need to reinforce it because of what Mr.

15   Gras just said.  We're not trying to get out of discovery.  If

16   this case goes forward, if the Motion to Dismiss is denied, we

17   will fully comply with what we believe are appropriate

18   discovery requests and we will resolve any disputes we have

19   with the plaintiffs, either amicably or with the Court's

20   assistance on discovery.  It may be that the discovery is

21   voluminous and at that time it may be that voluminous

22   discovery is, in fact, appropriate.  The question is whether

23   it is appropriate to burden these defendants with that

24   voluminous discovery at this time while Motions to Dismiss are

25   pending, which we believe have merit.  So it is important to

12

1   keep that in mind, that we're asking for a relatively brief

2   stay of discovery.  We're not trying to block discovery.

3   Those are two very different things as the Court knows.

4           The second is Mr. Gras has suggested that most of the

5   discovery is not voluminous.  It is completely belied by the

6   discovery request.  For example, the plaintiffs have asked for

7   account information on U.S. players, not just even Illinois

8   players, not just Illinois residents, but all U.S. players

9   going back to 2001.  They have asked for virtually every kind

10  of information about the accounts and account activity of all

11  of those individuals.  They themselves claim that those

12  accounts, and I believe this is in the First Amended

13  Complaint, paragraph 31, that this may be talking about

14  millions of accounts.  It is my understanding that the number,

15  and obviously the number of poker hands to the extent they are

16  talking about play activity in those accounts, could run into

17  the billions of plays, so the amount of data they are talking

18  about is staggering.  It may be, Your Honor, that that

19  discovery or some substantial portion of that discovery is

20  appropriate down the road, but there is no justification under

21  notions of judicial economy and equity to burden our clients

22  with that discovery unless and until plaintiffs overcome our

23  Motion to Dismiss.  So that is the second thing.

24          The third, Your Honor, the third and fourth, I hear

25  Mr. Gras giving really two basis to go forward with discovery

1   now and neither one is a good one.  The first, which is my

2   third point, is it is the first thing that Mr. Gras said was

3   that they need jurisdictional discovery.  As the Court knows,

4   the plaintiff has no right simply to issue requests for

5   discovery that are for the purpose of proving personal

6   jurisdiction.  We cited *Ticketreserve* case in our Motion for

7   Protective Order that the plaintiff has to show prima facie

8   basis for personal jurisdiction and basically to the Court.

9   They haven't done so.  That alone shows it is not an

10  appropriate basis, particularly where we have moved to dismiss

11  in part based on the claim of lack of personal jurisdiction.

12          Finally, Your Honor, the other reason that Mr. Gras

13  cited was that they need discovery to respond to the Motion to

14  Dismiss.  That is just not how a Rule 12 motion works.  We

15  have made a motion and it is based on the assertion that the

16  allegations of the Complaint are insufficient.  In their

17  response they have suggested that they should be entitled to

18  some discovery before the Court dismisses the case or

19  considers dismissal and if the Judge decides that that is a

20  proper claim, so be it, but then they should wait.  Discovery

21  should be stayed unless and until Judge Herndon says I agree,

22  there should be discovery.  We don't think that is the case,

23  but at best if they have made those requests in their Motion

24  to Dismiss, they should wait until Judge Herndon rules on

25  them.  If Judge Herndon agrees, then they can proceed with

1    discovery.  That in no manner justifies taking discovery while

2    those motions are still pending.

3        So, Your Honor, given the voluminous nature of the

4    discovery and the really very substantial burden placed on the

5    foreign defendants to respond to these discovery requests at

6    this point in time, the Court should stay it for a relatively

7    short period and once the plaintiffs have gotten past the

8    Motion to Dismiss, assuming that happens, then we can address

9    whether the discovery is appropriate and the extent to which

10   it is appropriate, but a stay is certainly justified.

11       MR. GRAS:  I wanted to clarify I don't know that we

12   asked for any data on all U.S. players.  If that was not clear

13   in one of my discovery responses, then I'll go ahead and say

14   that now, that we're seeking information on Illinois residents

15   here.  The reason I asked for the games records, Your Honor,

16   in a corporate representative document deposition precisely to

17   address the issues that Mr. Deitch just brought up that this

18   data -- we're not sure how the data is stored.  We're not sure

19   what the data is even that they have.  I think, Your Honor,

20   what we wanted to do was take a deposition of their

21   representative to ask about their document retention policy,

22   see what database they have, see what records they have and

23   get a production there.  I understand the production might

24   take awhile to do, but I don't see any reason why we can't get

25   the ball started now and find out a little bit about their

1    procedures.

2         To address the overarching view on getting discovery

3    to address their Motions to Dismiss, their motions, Your

4    Honor, also brought up arguments that really could be taken up

5    better in a summary judgment motion.  They brought up

6    arguments with res judicata.  You know, I don't see why we

7    can't see the actual settlement agreement that they are

8    claiming it was all liability.  That is part of the Motion to

9    Dismiss.  I think we get discovery on that.  If the Court

10   would think we would need to file another motion to ask for

11   discovery to address these motions further, as I said before,

12   we're happy to do so.  That is our position.

13        THE COURT:  Okay.  Just one question as it relates to

14   the settlement agreement.  How does the defense rely on that

15   without it being anywhere in the record as it was the basis

16   for dismissal.

17        MR. DEITCH:   Your Honor, this is David Deitch.  The

18   order that settled that case is a matter of public record.  If

19   I understand correctly, what the plaintiffs are seeking is the

20   confidential terms of that settlement which don't really

21   relate to the res judicata effect.  The reason, I'll tell you

22   very candidly, Your Honor, the reason plaintiff's counsel want

23   that confidential settlement really relates to their notion

24   this is a class certification case and they want to suggest

25   that the terms of their settlement were inadequate from the

16

1   perspective of a representative settlement the way you would

2   look at it in the class certification context.  So the res

3   judicata argument in no way requires them to understand what

4   the particular terms of the settlement were.  It was settled.

5   The claims were settled.  The scope of the claims that were

6   settled is apparent from the public record, from the complaint

7   and from the order that is on the public docket.

8          MR. GRAS:  An element of res judicata is that the

9   parties have to be adequately represented and I don't think we

10  can make that determination without the settlement agreement.

11         MR. DEITCH:  They had a very well qualified attorney

12  representing them and that is also a matter of public record.

13         THE COURT:  Anything further, Mr. Gras?

14         MR. GRAS:  No, Your Honor.

15         MR. JOHNSON:  Dan Johnson from Tiltware, if I may?

16  We understand in our Motion to ask for Stay of all Discovery,

17  including any discovery that threatens Tiltware, although

18  plaintiffs and I have not -- or I wasn't made part of the

19  discussions that sort of led to this motion except for early

20  preliminary discussion, but my understanding of the motion is

21  that it applies to the discovery issue to all defendants and

22  if anyone else disagrees, I am happy to file a simple joinder,

23  but at least the way the motions are phrased it applies to

24  all.

25         MR. GRAS:  We're fine with that, Your Honor.

1          THE COURT:  Okay.  Here is how the Court sees it.

2     The Court made a preliminary determination that there were

3     questions of law raised that should be determined prior to the

4     defense having to engage in burdensome discovery and the

5     burdensome discovery at issue was class certification

6     discovery.   As it relates to the need for additional

7     discovery on personal jurisdiction issues, I, at this point,

8     would agree with the defense that we're talking about Motions

9     to Dismiss and if Judge Herndon looks at those and says you

10    know what, the plaintiffs are right as it relates to this

11    question and it is not appropriate for a Motion to Dismiss, so

12    be it, but I don't see those motions as being postured such

13    that they would invite additional discovery to be injected

14    into the substance of the motions themselves, but rather that

15    the plaintiff was seeking that they be denied on that basis in

16    part that this is something that will need to be gone into at

17    least as it relates to the jurisdictional issues.   Those

18    aren't the only issues, so I agree with the defense that the

19    Court's previous analysis applies with equal force now to the

20    extent that they are being asked to engage in burdensome

21    discovery, and it is burdensome discovery.   I understand the

22    plaintiff's contention that, well, there is cases where it is

23    much worse, it is not necessarily overly burdensome, and I am

24    not suggesting that it is with respect to are the requests

25    regular requests, are these appropriate requests.   I am not

1    ruling on any of that.  The threshold determination I made is

2    given what the legal issues are in this case, those should be

3    determined before discovery that is going to be burdensome and

4    something that the defendant shouldn't have to engage in if

5    they are going to get out of the case, shouldn't be engaged in

6    at this point in time.  So because the relief that was being

7    requested at that time simply related to class certification

8    issues, that is the relief that the Court granted.

9         I did make the observation that it was hard for me to

10   understand how we were going to separate those two issues and

11   it appears to the Court that is part of the problem now is

12   many of the things that are being requested would certainly

13   relate to class certification issue.  I agree this is really

14   just a side point with the defense when they say, well, we

15   would be violating the order by engaging in this.  No, what

16   the Court's intention was is something that just related to

17   class certification you couldn't do.  But what I have come to

18   realize is that it is so difficult to separate out those

19   issues, but in addition to that, the other discovery that is

20   being requested is substantial enough in nature and burdensome

21   enough in nature that the Court's previous holding still holds

22   true and that is really what this comes down to.  I have to

23   agree with the defense on that.  It doesn't make sense to me

24   at this point to say anything different than that.  It is a

25   threshold issue and what is being requested now is burdensome

1    enough that it should be deferred, not necessarily denied.  If

2    the case survives, then we will take up these issues.  At this

3    point I am not seeing any specific matter that the plaintiffs

4    are wanting to get involved in that it appears to the Court to

5    necessarily be improper, but those are issues we can take up

6    at a later time.  So the Court at this point now will broaden

7    the scope of it's previous order and stay all discovery in

8    this case pending resolution of the Motions to Dismiss.

9         Now what has been asked in the alternative is for

10   four months.  I am going to stick with that.  If the Motions

11   to Dismiss aren't ruled on within four months of today's date,

12   the Stay of Discovery is lifted and discovery will commence

13   and the parties can contact the Court at that time regarding

14   any disputes that are going to arise as far as the scope of

15   discovery at that point in time.

16        Anything further?

17        MR. DEITCH:  Your Honor, this is David Deitch.  I

18   have one request.  As part of their discovery efforts, the

19   plaintiffs have served a third party subpoena on the New

20   Jersey Department of Gaming Enforcement seeking information

21   that some of the poker stars have submitted in connection with

22   a licensing procedure there.  There is a pending Motion to

23   Quash the Subpoena, but in light of the Court's decision

24   today, I guess my inquiry would be whether the plaintiffs

25   would agree to withdraw the subpoena or whether the Court will

20

1    require it be withdrawn at this time.

2         MR. GRAS:  Given the Court's commentary, Your Honor,

3    we certainly would be okay with withdrawing that subpoena

4    until discovery ban is lifted.

5         MR. DEITCH:  Okay, that was easy.

6         THE COURT:  Then the subpoena is withdrawn.  They are

7    agreeing to do it.  It is obviously without prejudice to

8    preserve that and addressing those issues when Stay of

9    Discovery is lifted.

10        MR. DEITCH:  I assume it is acceptable for us to

11   inform our contacts at the Department of Gaming Enforcement

12   that the subpoena has, in fact, been withdrawn?

13        MR. GRAS:  Is there a way that maybe we could agree?

14   I am not sure if the New Jersey Court would be okay with this,

15   but if we could hold the subpoenas in abeyance?

16        MR. DEITCH:  My experience with those situations, it

17   is very complicated.  It is not like it is a hard agency to

18   serve, so I really suggest they should be withdrawn.

19        MR. GRAS:  That's fine.

20        THE COURT:  All right.  Was there any difficulty, Mr.

21   Gras, in serving them?

22        MR. GRAS:  There wasn't, Your Honor.

23        THE COURT:  All right.  Well, then it's cleaner this

24   way.  That is how we will handle it.

25        Anything further?

21

1          MR. DEITCH:  Not from the defendants.  Thank you,

2     Your Honor.

3          THE COURT:  Mr. Gras, anything further?

4          MR. GRAS:  No, thank you, Your Honor.

5          THE COURT:  All right, we're adjourned.

6

7

8

9

10

11

12

13

14

15

16      (Court is adjourned.)

17

18          I certify that the foregoing is a correct transcript
     from the record of proceedings in the above-entitled matter.
19
     SS/Barbara Kniepmann                    August 26, 2013
20

21

22

23

24

25