

Hands-on Counsel, Gloves-off Litigation

Ifrahlaw.com

(202) 524-4140

1717 Pennsylvania Ave, N.W., Suite 650, Washington, D.C. 20006

November 4, 2013

Nancy J. Rosenstengel, Clerk of Court
U.S. District Court for the Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

RE: *Sonnenberg v. Scheinberg, et al*, Case No. 3:13-cv-00344-DRH-SCW
Supplemental Authority to REEL's Motion to Dismiss

Ms. Rosenstengel:

I write on behalf of Defendant Rational Entertainment Enterprises Limited ("REEL") in order to submit supplemental authority to its Motion to Dismiss, filed on April 16, 2013.

A newly-issued opinion in the United States District Court for the Northern District of Illinois has high precedential value in this case. Its "winner" analysis is relevant to Rational's arguments on page 12 of it MTD. In *Langone v. Kaisser and FanDuel, Inc.*, Case No. 1:12-cv-02073 (N.D. Ill. Oct. 9, 2013), the court dismissed a complaint brought as a third-party action under the Illinois Loss Recovery Act against a fantasy sports website. *See* FanDuel Opinion (**Exhibit 1**). In so doing, the court concluded that an online gaming website that "does not participate in the risk associated with its…games… is not a "winner" for the purposes of the Loss Recovery Act." *See id.* at p.14. Furthermore, the court found that these types of websites do not have a financial interest in the outcome of the games but rather provide a forum for players to play against each other, and the website merely took a "rake" of the bets (as do online poker providers). *See id.* The *Langone* court concluded that online gaming websites cannot be "winners" or "losers" under 720 ILCS 5/28 if they "merely provide[] a forum for the participants to engage each other." *See id.*

The *Langone* "loser" analysis is relevant to the arguments REEL made on pages 16-17 of its MTD. REEL argued that Plaintiff's complaint must be dismissed because the plaintiff failed to identify a loser or loss. *Langone* confirms this, stating "[i]n short, the Loss Recovery Act requires an allegation of specific individual losers." *Id.* at 10. The *Langone* court dismissed the plaintiff's claims because he failed to allege when and how much money named individuals lost. *Id.* at 12.



    *Langone* is the first case which applies the LRA to internet gaming claims. Therefore, it is pertinent and significant to the consideration of the MTD. REEL asks to add this supplemental authority because it provides a new application of fact which is helpful to the resolution of this case.

                                              Very truly yours,

                                              */s/ Rachel Hirsch*

                                              Rachel Hirsch

                                              *Counsel for Rational Entertainment Enterprises Ltd.*

Enclosure