## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLY SONNENBERG, individually, and on behalf of the class she represents | ) ) ) |
| and | ) ) |
| CASEY SONNENBERG, individually, and on behalf of the class he represents | ) ) ) |
| Plaintiffs, | ) Case No.: 13-cv-344-DRH-SCW ) |
| v. | ) ) |
| OLDFORD GROUP, LTD.; RATIONAL ENTERTAINMENT ENTERPRISES, LTD.; and UNKNOWN DEFENDANTS | ) ) ) ) |
| Defendants. | ) |

## SECOND AMENDED CLASS ACTION COMPLAINT

NOW COMES Plaintiffs, Kelly and Casey Sonnenberg, each individually and on behalf of the classes they represent, by and through undersigned attorneys, and brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, *et seq.,* and alleges as follows:

### NATURE OF ACTION

1.      This is an action to recover money lost by residents of the State of Illinois to the online poker business commonly known as Pokerstars.  The above named and unknown defendants acted in concert and in a joint venture to facilitate, host, operate, and profit from this enterprise.  Through their illegal acts, Defendants knowingly and intentionally won money from Illinois gamblers in violation of relevant Illinois law.

2.      The Illinois Anti-Gambling statutes are found in Article 28 of Chapter 720, Act 5 of the Illinois Compiled Statutes, *720 ILCS 5/28 et seq.*.  This Article defines illegal gambling

and provides various means of recovery against people who profit from these activities. As the official committee comments to the Article note, "Article 28 represents an attempt to present a unified statute which correctly expresses the public policy of the state towards gambling and at the same time avoids ambiguity and inconsistency."

3.       This Complaint is brought on behalf of individuals who lost money gambling on Pokerstars. In Counts I, V, and IX Kelly Sonnenberg brings her action individually and on behalf Illinois residents that lost money on Pokerstars pursuant to the Illinois Loss Recovery Act, *720* ILCS *5/28-8*. Kelly Sonnenberg qualifies as "any person" under *720* ILCS *5/28-8* and represents a class whose measure of damages is the losses sustained by Illinois residents who gambled on Pokerstars.

4.       In the remaining counts, Casey Sonnenberg brings his action to recover the money he lost on Pokerstars pursuant to *720 ILCS 5/28-1, 720 ILCS 5/28-3* and *720 ILCS 5/28-7*. He represents a class of similarly situated Illinois residents who gambled and lost money on Pokerstars. The measure of damages of this class is also the amount of money lost by these individuals on Pokerstars.

## PARTIES

5.       Plaintiff Kelly Sonnenberg is a natural person and an adult resident of St. Clair County, Illinois. She is the mother of plaintiff Casey Sonnenberg.

6.       Plaintiff Casey Sonnenberg is a natural person and an adult resident of St. Clair County, Illinois. He is the son of plaintiff Kelly Sonnenberg. Casey Sonnenberg had an account with Pokerstars and has lost money amounting to a sum of $50.00 or more to the Defendants.

7.     Defendant Rational Entertainment Enterprises Limited ("REEL") is a business entity organized and operating under the laws of the Isle of Man. REEL is licensed by the Isle of Man Gaming Authority to operate online poker rooms and accept losses from Illinois gamblers.

8.     Defendant Oldford Group, Ltd. ("Oldford") is a business entity organized under the laws of the British Virgin Islands.  At all times relevant herein, Oldford was a parent company and/or directed the illegal acts of other defendants.

9.     At all times relevant herein, REEL, Oldford, and certain other unknown entities and individuals (the "Unknown Pokerstars Defendants") acted in concert in a joint venture to facilitate, host, operate, and profit from an online poker business commonly known as Pokerstars.

10.     Upon information and belief, defendants REEL, Oldford, and the Unknown Pokerstars Defendants established a series of shell companies to conceal their identity and avoid their legal responsibilities.

11.     The Defendants are shams and alter egos of one another and their individual owners.

## JURISDICTION AND VENUE

12.     Venue is proper in this district pursuant to 28 USC § 1391.  A substantial part of the events giving rise to the claims raised in this lawsuit occurred in this district.

13.     The Court has subject matter jurisdiction pursuant to 28 USC § 1332.  The amount in controversy exceeds $5,000,000.00 and the parties are diverse.

14.     The defendants all have sufficient minimum contacts with the State of Illinois to establish personal jurisdiction.  Through their joint venture and concerted action, the Defendants have:

      a.     purposefully and knowingly conducted commercial transactions with persons whom they knew to be located within the State of Illinois;

      b.     purposefully and knowingly entered into commercial contracts and agreements with persons whom they knew to be located within the State of  Illinois;

      c.     purposefully and knowingly solicited, received, and accepted transfers of money from persons whom they knew to be located within the State of Illinois;

      d.     purposefully and knowingly extended credit and accepted transfers of money and credit from credit providers on behalf of persons whom they knew to be located within the State of Illinois.

      e.     purposefully and knowingly hosted online poker games in which persons they knew to be located in the State of Illinois placed bets.

      f.     purposefully and knowingly maintained accounts for persons they knew to be locatd within the borders of the State of Illinois for the pupose of betting, winning, and losing on online poker games hosted by Pokerstars.

      g.     purposefully and knowingly collected money lost through betting on poker games hosted by Pokerstars from persons they knew to be located within the State of Illinois.

      h.     purposefully and knowingly received a portion of the "rake," "take," "take out," or commission that Pokerstars charged on money transferred to Pokerstars or that was bet, lost, or won in poker games hosted by Pokerstars by persons they knew to be located within the State of Illinois.

      i.     purposefully and knowingly received portions of money bet and lost by persons they knew to be located within the State of Illinois.

j.      purposefully and knowingly shared in the profits from games hosted by Pokerstars derived from persons they knew to be located within the State of Illinois.

k.      purposefully and knowingly received portions of money deposited, bet, won, or lost in poker games hosted by Pokerstars by persons they knew to be located within the State of Illinois.

l.      designed, used, and operated highly-interactive websites with a purposeful, specific, intention to do business over the internet with persons they knew to be located within the State of Illinois.

m.      designed and provided proprietary software that they transmitted and installed on computers located in Illinois and thereby configured, programmed, and caused the Illinois computers to function as poker-playing terminals for poker games hosted by Pokerstars, including but not limited to the financial transactions, transfers of money, and credit lent between Ilinois residents and Pokerstars.

15.    The above activities were conducted for pecuniary gain.  For all times relevant herein, the Defendants engaged in substantial financial, credit, and commercial transactions, involving millions of dollars, with thousands of persons they knew were located within the State of Illinois.  A substantial connection exists between the Defendants and the residents of Illinois and warrants a finding of personal jurisdiction.

16.    The Defendants conduct and connection with the State of Illinois are such that they should reasonably anticipate being haled into Court in Illinois. The Defendants have done, or have caused to be done, tortious acts in the State of Illinois for which the State of Illinois would have a substantial and compelling interest in exercising personal jurisdiction over the Defendants.

17.     The Defendants had the choice to sever their connection with the State of Illinois and not do business with Illinois residents if it determined the risks of personal jurisdiction were too great.  Instead, the Defendants chose to do business with Illinois residents. The Defendants have purposefully availed themselves of the privilege of acting in Illinois or causing consequence in Illinois.

18.     Each class' claims arise directly from the Defendants contacts with Illinois.  The Defendants acts or the consequences caused by the Defendants in Illinois are such that the exercise of jurisdiction over the Defendants is reasonable.

## THE ILLINOIS ANTI-GAMBLING STATUTE

19.     Under Illinois law, gambling is prohibited. Relevant to this lawsuit, 720 ILCS 5/28-1, in pertinent part, says:

(a)     A person commits gambling when he:

(1)     Plays a game of chance or skill for money or other thing of value, unless excepted in subsection (b) of this Section; or

(2)     Makes a wager upon the result of any game, contest, or any political nomination, appointment or election; or

(3)     Operates, keeps, owns, uses, purchases, exhibits, rents, sells, bargains for the sale or lease of, manufactures or distributes any gambling device; or

(5)     Knowingly owns or possesses any book, instrument or apparatus by means of which bets or wagers have been, or are, recorded or registered, or knowingly possesses any money which he has received in the course of a bet or wager; or

(11)    Knowingly transmits information as to wagers, betting odds, or changes in betting odds by telephone, telegraph, radio, semaphore, or similar means; or knowingly installs or maintains equipment for the transmissions or receipt of such information; except that nothing in this subdivision

6

(11) prohibits transmissions or receipt of such information for use in news reporting of sporting events or contests; or

(12)     Knowingly establishes, maintains, or operates an Internet site that permits a person to play a game of chance or skill for money or other thing of value by means of the Internet or to make a wage upon the result of any game, contest, political nomination, appointment, or election by means of the Internet. This item (12) does not apply to activities referenced in item (6) and (6.1) of subsection (b) of this section.

(c) Sentence

Gambling is a Class A misdemeanor. A second or subsequent conviction under subsections (a)(3) through (a)(12), is a Class 4 felony.

20.     Under Illinois law, the keeping of a gambling place is illegal and further makes the owner of such a place liable for any judgments entered under any section of Article 28.   *720 ILCS 5/28-3*, Keeping a Gambling Place, says:

A "gambling place" is any real estate, vehicle, boat or any other property whatsoever used for the purposes of gambling other than gambling conducted in the manner authorized by the Riverboat Gambling Act1 or the Video Gaming Act. Any person who knowingly permits any premises or property owned or occupied by him or under his control to be used as a gambling place commits a Class A misdemeanor. Each subsequent offense is a Class 4 felony. When any premises is determined by the circuit court to be a gambling place:

(a)     Such premises is a public nuisance and may be proceeded against as such, and

(b)     All licenses, permits or certificates issued by the State of Illinois or any subdivision or public agency thereof authorizing the serving of food or liquor on such premises shall be void; and no license, permit or certificate so cancelled shall be reissued for such premises for a period of 60 days thereafter; nor shall any person convicted of keeping a gambling place be reissued such license for one year from his conviction and, after a second conviction of keeping a gambling place, any such person shall not be reissued such license, and

(c)     Such premises of any person who knowingly permits thereon a violation of any Section of this Article shall be held liable for, and may be sold to pay any unsatisfied judgment that may be recovered

7

and any unsatisfied fine that may be levied under any Section of this Article.

21.     Under Illinois law all gambling contracts are null and void. *720 ILCS 5/28-7,*

Gambling Contracts Void, says:

> (a)  All promises, notes, bills, bonds, covenants, contracts, agreements, judgments, mortgages, or other securities or conveyances made, given, granted, drawn, or entered into, or executed by any person whatsoever, where the whole or any part of the consideration thereof is for any money or thing of value, won or obtained in violation of any Section of this Article are null and void.

> (b) Any obligation void under this Section may be set aside and vacated by any court of competent jurisdiction, upon a complaint filed for that purpose, by the person so granting, giving, entering into, or executing the same, or by his executors or administrators, or by any creditor, heir, legatee, purchaser or other person interested therein; or if a judgment, the same may be set aside on motion of any person stated above, on due notice thereof given.

> (c) No assignment of any obligation void under this Section may in any manner affect the defense of the person giving, granting, drawing, entering into or executing such obligation, or the remedies of any person interested therein.

22.     Under Illinois law "any person" may sue and recover for gambling losses of more than $50.00 when certain conditions are met, 720 ILCS 5/28-8 Gambling Losses Recoverable:

> (a) Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more and shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes any transaction for his own account on, any regular board of trade or commercial, commodity or stock exchange, shall, under any circumstances, be deemed a "winner"

of any moneys lost by such other person in or through any such transactions.

(b) If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to recover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court or the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

## FACTUAL ALLEGATIONS REGARDING THE DEFENDANTS

23.     For all times relevant herein, the Defendants have, thorough their business Pokerstars and internet domain name pokerstars.com, hosted online poker games.

24.     The Defendants, acting in concert, won money from Illinois gamblers by taking a percentage of the amount bet, won, or lost as the "rake," "take out," or commission for hosting the games.

25.     Upon information and belief, thousands of Illinois residents had accounts with Pokerstars and lost millions of dollars gambling on Pokerstars.

26.     The Defendants designed and provided proprietary software that they transmitted and installed on computers located within Illinois.  The software configured, programed, and caused the Illinois computers to function as poker-playing terminals for poker games hosted by Pokerstars, including but not limited to financial transactions, transfers of money, and credit lent between Illinois residents and Pokerstars.

27.     Because United States banks were largely unwilling to process payments for an illegal activity such as internet gambling, the Defendants used fraudulent methods to avoid these restrictions and to receive money from Illinois residents who gambled with Pokerstars.  The Defendants deceived or directed others to deceive banks and financial institutions into processing these illegal transactions by, among other methods, arranging for the money received from the United States gamblers to be disguised as payments to hundreds of non-existent online

merchants and other non-gambling businesses. To accomplish this deceit, the Defendants relied on highly compensated third-party payment processors who lied to the United States banks about the nature of the transactions they were processing and covered up those lies through the creation of certain sham corporations.

28.     The Defendants solicited, received, and accepted money and credit from Illinois residents for the purpose of betting, winning, and losing on poker games hosted by Pokerstars.

29.     Under Illinois law, *720 ILCS 5/28-1*, these activities were illegal.

30.     The Defendants kept a gambling place and/or knowingly permitted their property to be used as a gambling place.

31.     Under Illinois law, *720 ILCS 5/28-3*, the keeping of a gambling place is illegal.

32.     Pokerstars entered into contracts with Illinois residents concerning: the games that Pokerstars hosts; the transfer of money to Pokerstars to be used to bet on the poker games; bets in, on, or regarding poker games; payment processing and financial transactions for the games; the payment of portions of losses from the games; the collection of winnings from the games; and, the advancement of money and credit for betting on the games.

33.     Under Illinois law, *720 ILCS 5/28-7*, these contracts are void.

34.     Numerous Illinois residents have lost an amount more than $50.00 dollars while gambling with Pokerstars and for the purposes of *720 ILCS 5/28-8* are "losers."

35.     The Defendants, acting in concert, won money from Illinois residents by sharing in the profits from the games, receiving a portion of money deposited, bet, won, or lost in the games, and/or receiving a portion of the "rake," "take out," or commission charged on money transferred to Pokerstars or that is bet in the games.

36.     For the purposes of the Illinois Loss Recovery Act, *720 ILCS 5/28-8*, the defendants are "winners" and are jointly and severally liable for treble the full amount lost by Illinois residents.

37.     Besides the money directly won by Pokerstars in the form of the "rake," "take out," or commission on games they hosted, other unknown individuals won money from Illinois gamblers during the poker games hosted by the Defendants.

38.     The Defendants are further liable for the losses of Illinois gamblers to these unknown individuals pursuant to *720* ILCS *5/28-3(c)* because they owned the gambling place in which the Illinois gamblers lost their money.

39.     Betting, gaming, or wagering on the games hosted by the Defendants have not been authorized, permitted, or legalized by Illinois law.

40.     The Defendants, acting in concert, knowingly participated in one or more joint ventures for the purpose of establishing, owning, operating, financing, promoting, and/or profiting from these transactions occurring inside the State of Illinois and are, therefore, alter egos of one another and jointly liable for treble the amounts lost.

## CLASS ACTION ALLEGATIONS OF "ANY PERSON" CLASS

41.     Plaintiff Kelly Sonnenberg brings her causes of action as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Kelly Sonnenberg is "any person" for the purposes of the Illinois Loss Recovery Act, *720* ILCS *5/28-8*.  The class sought to be certified is: Those individuals who lost an amount of $50.00 or more on Pokerstars, excluding those individuals who have previously brought an action against any Defendant to recover their losses under the Illinois Loss Recovery Act, *720* ILCS *5/28-8*.  The measure of damages for this class is all money lost by Illinois gamblers on Pokerstars.

42.     *Numerosity.* The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of Illinois poker players who lost money to PokerStars.

43.     *Commonality.* Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

> A. Whether an illegal gambling enterprise existed in violation of relevant Illinois anti-gambling statute, 720 ILCS 5/28 *et seq.*;
>
> B. Whether Defendants were each employed by or associated with the enterprise;
>
> C. Whether Defendants participated in the conduct or affairs of the enterprise;
>
> D. Whether Plaintiff is entitled to recover gambling losses from the Defendants due to their violation of relevant Illinois anti-gambling statutes, 720 ILCS 5/28 *et seq.*

44.     *Typicality.* Plaintiff's claims are typical of the claims of the members of the Class.

45.     *Adequacy.* Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class actions and complex civil litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

46.     Class action status in this action is warranted because prosecution of separate actions by members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical manner, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

47.     Class action status is also warranted because prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for

defendants, and questions of law or fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

48.     The type of class brought herein is compatible with Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

## CLASS ACTION ALLEGATIONS OF "LOSER" CLASS

49.     Plaintiff Casey Sonnenberg brings his causes of action as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class sought to be certified is: Those individuals who lost an amount of $50.00 or more on Pokerstars, excluding those individuals who have previously brought an action against any Defendant to recover their losses.  The measure of damages for this class is also all money lost by Illinois gamblers on Pokerstars.

50.     ***Numerosity.*** The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of Illinois poker players who lost money to PokerStars.

51.     ***Commonality.***  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

> A. Whether an illegal gambling enterprise existed in violation of relevant Illinois anti-gambling statute, 720 ILCS 5/28 *et seq.*;
>
> B. Whether Defendants were each employed by or associated with the enterprise;
>
> C. Whether Defendants participated in the conduct or affairs of the enterprise;
>
> D. Whether Plaintiff is entitled to recover gambling losses from the Defendants due to their violation of relevant Illinois anti-gambling statutes, 720 ILCS 5/28 *et seq.*

52.     *Typicality.* Plaintiff's claims are typical of the claims of the members of the Class.

53.     *Adequacy.* Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class actions and complex civil litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

54.     Class action status in this action warranted because prosecution of separate actions by members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical manner, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

55.     Class action status is also warranted because prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for defendants, and questions of law or fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

56.     The type of class brought herein is compatible with Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

## COUNT I

**Kelly Sonnenberg, individually and on behalf of "Any Person" Class v. REEL**
**For Claims Pursuant to the Illinois Loss Recovery Act,** *728 ILCS 5/28-8*

57.     Plaintiff re-alleges and incorporates all prior paragraphs of this Complaint into this Count.

58.     Kelly Sonnenberg is the mother of Casey Sonnenberg.  For the purposes of *720 ILCS 5/28-8*, she is any person.

59.     Numerous Illinois residents, including Plaintiff Casey Sonnenberg, have lost an amount more than $50.00 dollars while gambling with Pokerstars and for the purposes of *720 ILCS 5/28-8* are "losers."

60.     The Defendants, acting in concert, won money from Illinois residents, including Casey Sonnenberg, by sharing in the profits from the games, receiving a portion of money deposited, bet, won, or lost in the games, and/or receiving a portion of the "rake," "take out," or commission charged on money transferred to Pokerstars or that is bet in the games.  For the purposes of *720 ILCS 5/28-8*, the defendants are "winners" and are jointly and severally liable for treble the full amount lost by Illinois residents.

61.     Casey Sonnenberg did not bring an action on his own behalf within six months of any loss to Pokerstars.

62.     The defendant named in this Count individually, and in association with others, violated *720 ILCS 5/28-1* and in accordance with *720 ILCS 5/28-8(b)* is liable for triple the amount of Illinois residents' losses.

63.     The Defendants are further liable for all losses by Illinois residents, including money lost to individuals other than the Defendants, pursuant to *720 ILCS 5/28-3(c)* as they kept a gambling place and knowingly permitted others to use their property as a gambling place.

64.     Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of *720 ILCS 5/28-1* and *720 ILCS 5/28-3* as well as statutorily prescribed recovery of three times said losses pursuant to *720 ILCS 5/28-8(b)*.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

### COUNT II

**Casey Sonnenberg, individually and on behalf of "Loser" Class v. REEL**

**For Claims Pursuant to *728 ILCS 5/28-1***

65.     Plaintiff re-alleges and incorporates all prior paragraphs of this Complaint into this Count.

66.     Pokerstars solicited, received, and accepted money and credit from Illinois residents for the purpose of betting, winning, and losing on poker games hosted by Pokerstars.

67.     The Defendant played a game of chance or skill for money or other thing of value in violation of *720* ILCS *5/28-1(a)(1)*.

68.     The Defendant made wagers upon the result of a game or contest in violation of in violation of *720* ILCS *5/28-1(a)(2)*.

69.     The Defendant operated, kept, owned, used, purchased, exhibited, rented, sold, bargained for, manufactured, and/or distributed gambling devices in violation of *720* ILCS *5/28-1(a)(3)*.

70.     The Defendant knowingly owned and possessed a book, instrument, or apparatus by means of which bets or wagers were recorded or registered, and knowingly possessed money which the Defendant received in the course of a bet or wager in violation of *720* ILCS *5/28-1(a)(5)*.

71.     The Defendant knowingly transmitted information as to wagers, betting odds, or changes in betting odds by telephone, telegraph, radio, semaphore, or similar means and knowingly installed equipment for the transmission or receipt of such information in violation of

*720* ILCS *5/28-1(a)(11).*

72.     The Defendant knowingly established, maintained, and operated an Internet site that permitted a person to play a game of chance of skill for money or other thing of value by means of the Internet and made a wage upon the result of any game or contest by means of the Internet in violation of *720* ILCS *5/28-1(a)(12).*

73.     Pursuant to *720 ILCS 5/28-1(c)*, the above activities were illegal.

74.     The defendant named in this Count individually, and in association with others named herein violated *720 ILCS 5/28-1* by engaging in illegal internet gambling with Illinois residents.

75.     As a direct and proximate result of the foregoing, the Plaintiff class sustained damages.

76.     The Defendants are further liable for any recovery stemming from the Pokerstars business pursuant to *720 ILCS 5/28-3(c)* as they kept a gambling place and knowingly permitted others to use their property as a gambling place.

77.     Plaintiffs' class recovery includes, but is not limited to, all gambling losses sustained by Illinois residents who gambled on or at Pokerstars with pre-judgment interest.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT III

**Casey Sonnenberg, individually and on behalf of "Loser" Class v. REEL**

**For Claims Pursuant to *728 ILCS 5/28-3***

78.     Plaintiff re-alleges and incorporates all prior paragraphs of this Complaint into this Count.

79.   The Defendant kept property which was used for a gambling place or knowingly permitted people to use its property as a gambling place in violation of *720* ILCS *5/28-3*.

80.   Pursuant to *720 ILCS 5/28-3*, the keeping of a gambling place illegal.

81.   The defendant named in this Count individually, and in association with others named herein violated *720 ILCS 5/28-3* by keeping a gambling place which hosted online poker games.

82.   As a direct and proximate result of the foregoing, the Plaintiff class sustained damages.

83.   Plaintiffs' class recovery includes, but is not limited to, all gambling losses sustained by Illinois residents who gambled on or at Pokerstars with pre-judgment interest.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## <u>COUNT IV</u>

### Casey Sonnenberg, individually and on behalf of "Loser" Class v. REEL
### For Claims Pursuant to *728 ILCS 5/28-7*

84.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

85.   Pokerstars entered into contracts with Illinois residents, including Casey Sonnenberg, concerning: the games that Pokerstars hosts; the transfer of money to Pokerstars to be used to bet on the poker games; bets in, on, or regarding poker games; payment processing and financial transactions for the games; the payment of portions of losses from the games; the collection of winnings from the games; and, the advancement of money and credit for betting on the games.

86.     Pursuant to *720 ILCS 5/28-7*, these contracts are void.

87.     The defendant named in this Count individually, and in association with others named herein entered into illegal gambling contracts with Illinois residents who gambled on the Defendant's website.

88.     As a direct and proximate result of the foregoing the Plaintiff class sustained damages.

89.     The Defendants are further liable for any recovery stemming from the Pokerstars business pursuant to *720 ILCS 5/28-3(c)* as they kept a gambling place and knowingly permitted others to use their property as a gambling place.

90.     The Plaintiff class recovery includes, but is not limited to, the return of all sums lost by Illinois residents who gambled on the Defendant's website with pre-judgment interest.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## <u>COUNT V</u>

**Kelly Sonnenberg, individually and on behalf of Any Person Class v. Oldford**
**For Claims Pursuant to the Illinois Loss Recovery Act, *728 ILCS 5/28-8***

91.     Plaintiff re-alleges and incorporates all prior paragraphs of this Complaint into this Count.

92.     Kelly Sonnenberg is the mother of Casey Sonnenberg.  For the purposes of *720 ILCS 5/28-8*, she is any person.

93.     Numerous Illinois residents, including Plaintiff Casey Sonnenberg, have lost an amount more than $50.00 dollars while gambling with Pokerstars and for the purposes of *720 ILCS 5/28-8* are "losers."

94.     The Defendants, acting in concert, won money from Illinois residents, including Casey Sonnenberg, by sharing in the profits from the games, receiving a portion of money deposited, bet, won, or lost in the games, and/or receiving a portion of the "rake," "take out," or commission charged on money transferred to Pokerstars or that is bet in the games.  For the purposes of *720 ILCS 5/28-8*, the defendants are "winners" and are jointly and severally liable for treble the full amount lost by Illinois residents.

95.     Casey Sonnenberg did not bring an action on his own behalf within six months of any loss to Pokerstars.

96.     The defendant named in this Count individually, and in association with others, violated *720 ILCS 5/28-1* and in accordance with *720 ILCS 5/28-8(b)* is liable for triple the amount of Illinois residents' losses.

97.     The Defendants are further liable for all losses by Illinois residents, including money lost to individuals other than the Defendants, pursuant to *720 ILCS 5/28-3(c)* as they kept a gambling place and knowingly permitted others to use their property as a gambling place.

98.     Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of *720 ILCS 5/28-1* and *720 ILCS 5/28-3* as well as statutorily prescribed recovery of three times said losses pursuant to *720 ILCS 5/28-8(b)*.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## <u>COUNT VI</u>

**Casey Sonnenberg, individually and on behalf of "Loser" Class v. Oldford**

**For Claims Pursuant to *728 ILCS 5/28-1***

99.     Plaintiff re-alleges and incorporates all prior paragraphs of this Complaint into this Count.

100.    Pokerstars solicited, received, and accepted money and credit from Illinois residents for the purpose of betting, winning, and losing on poker games hosted by Pokerstars.

101.    The Defendant played a game of chance or skill for money or other thing of value in violation of *720* ILCS *5/28-1(a)(1)*.

102.    The Defendant made wagers upon the result of a game or contest in violation of in violation of *720* ILCS *5/28-1(a)(2)*.

103.    The Defendant operated, kept, owned, used, purchased, exhibited, rented, sold, bargained for, manufactured, and/or distributed gambling devices in violation of *720* ILCS *5/28-1(a)(3)*.

104.    The Defendant knowingly owned and possessed a book, instrument, or apparatus by means of which bets or wagers were recorded or registered, and knowingly possessed money which the Defendant received in the course of a bet or wager in violation of *720* ILCS *5/28-1(a)(5)*.

105.    The Defendant knowingly transmitted information as to wagers, betting odds, or changes in betting odds by telephone, telegraph, radio, semaphore, or similar means and knowingly installed equipment for the transmission or receipt of such information in violation of *720* ILCS *5/28-1(a)(11)*.

106.    The Defendant knowingly established, maintained, and operated an Internet site that permitted a person to play a game of chance of skill for money or other thing of value by means of the Internet and made a wage upon the result of any game or contest by means of the Internet in violation of *720* ILCS *5/28-1(a)(12)*.

107.     Pursuant to *720 ILCS 5/28-1(c)*, the above activities were illegal.

108.     The defendant named in this Count individually, and in association with others named herein violated *720 ILCS 5/28-1* by engaging in illegal internet gambling with Illinois residents.

109.     As a direct and proximate result of the foregoing, the Plaintiff class sustained damages.

110.     The Defendants are further liable for any recovery stemming from the Pokerstars business pursuant to *720 ILCS 5/28-3(c)* as they kept a gambling place and knowingly permitted others to use their property as a gambling place.

111.     Plaintiffs' class recovery includes, but is not limited to, all gambling losses sustained by Illinois residents who gambled on or at Pokerstars with pre-judgment interest.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT VII

### Casey Sonnenberg, individually and on behalf of "Loser" Class v. Oldford
### For Claims Pursuant to *728 ILCS 5/28-3*

112.     Plaintiff re-alleges and incorporates all prior paragraphs of this Complaint into this Count.

113.     The Defendant kept property which was used for a gambling place or knowingly permitted people to use its property as a gambling place in violation of *720* ILCS *5/28-3*.

114.     Pursuant to *720 ILCS 5/28-3*, the keeping of a gambling place illegal.

115.    The defendant named in this Count individually, and in association with others named herein violated *720 ILCS 5/28-3* by keeping a gambling place which hosted online poker games.

116.    As a direct and proximate result of the foregoing, the Plaintiff class sustained damages.

117.    Plaintiffs' class recovery includes, but is not limited to, all gambling losses sustained by Illinois residents who gambled on or at the Defendant's website with pre-judgment interest.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT VIII

### Casey Sonnenberg, individually and on behalf of "Loser" Class v. Oldford
### For Claims Pursuant to *728 ILCS 5/28-7*

118.    Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

119.    Pokerstars entered into contracts with Illinois residents, including Casey Sonnenberg, concerning: the games that Pokerstars hosts; the transfer of money to Pokerstars to be used to bet on the poker games; bets in, on, or regarding poker games; payment processing and financial transactions for the games; the payment of portions of losses from the games; the collection of winnings from the games; and, the advancement of money and credit for betting on the games.

120.    Pursuant to *720 ILCS 5/28-7*, these contracts are void.

121.    The defendant named in this Count individually, and in association with others named herein entered into illegal gambling contracts with Illinois residents who gambled on the Defendant's website.

122.    As a direct and proximate result of the foregoing the Plaintiff class sustained damages.

123.    The Defendants are further liable for any recovery stemming from the Pokerstars business pursuant to *720 ILCS 5/28-3(c)* as they kept a gambling place and knowingly permitted others to use their property as a gambling place.

124.    The Plaintiff class recovery includes, but is not limited to, the return of all sums lost by Illinois residents who gambled on the Defendant's website with pre-judgment interest.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## <u>COUNT IV</u>

**Kelly Sonnenberg, individually and on behalf of Any Person Class v. Unknown Defendants For Claims Pursuant to the Illinois Loss Recovery Act, *728 ILCS 5/28-8***

125.    Plaintiff re-alleges and incorporates all prior paragraphs of this Complaint into this Count.

126.    Kelly Sonnenberg is the mother of Casey Sonnenberg.  For the purposes of *720 ILCS 5/28-8*, she is any person.

127.    Numerous Illinois residents, including Plaintiff Casey Sonnenberg, have lost an amount more than $50.00 dollars while gambling with Pokerstars and for the purposes of *720 ILCS 5/28-8* are "losers."

128.    The Defendants, acting in concert, won money from Illinois residents, including Casey Sonnenberg, by sharing in the profits from the games, receiving a portion of money deposited, bet, won, or lost in the games, and/or receiving a portion of the "rake," "take out," or commission charged on money transferred to Pokerstars or that is bet in the games.  For the purposes of *720 ILCS 5/28-8*, the defendants are "winners" and are jointly and severally liable for treble the full amount lost by Illinois residents.

129.    Casey Sonnenberg did not bring an action on his own behalf within six months of any loss to Pokerstars.

130.    The defendant named in this Count individually, and in association with others, violated *720 ILCS 5/28-1* and in accordance with *720 ILCS 5/28-8(b)* is liable for triple the amount of Illinois residents' losses.

131.    The Defendants are further liable for all losses by Illinois residents, including money lost to individuals other than the Defendants, pursuant to *720 ILCS 5/28-3(c)* as they kept a gambling place and knowingly permitted others to use their property as a gambling place.

132.    Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of *720 ILCS 5/28-1* and *720 ILCS 5/28-3* as well as statutorily prescribed recovery of three times said losses pursuant to *720 ILCS 5/28-8(b)*.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT X

**Casey Sonnenberg, individually and on behalf of "Loser" Class v. Unknown Defendants For Claims Pursuant to *728 ILCS 5/28-1***

133.    Plaintiff re-alleges and incorporates all prior paragraphs of this Complaint into this Count.

134.    Pokerstars solicited, received, and accepted money and credit from Illinois residents for the purpose of betting, winning, and losing on poker games hosted by Pokerstars.

135.    The Defendant played a game of chance or skill for money or other thing of value in violation of *720* ILCS *5/28-1(a)(1)*.

136.    The Defendant made wagers upon the result of a game or contest in violation of in violation of *720* ILCS *5/28-1(a)(2)*.

137.    The Defendant operated, kept, owned, used, purchased, exhibited, rented, sold, bargained for, manufactured, and/or distributed gambling devices in violation of *720* ILCS *5/28-1(a)(3)*.

138.    The Defendant knowingly owned and possessed a book, instrument, or apparatus by means of which bets or wagers were recorded or registered, and knowingly possessed money which the Defendant received in the course of a bet or wager in violation of *720* ILCS *5/28-1(a)(5)*.

139.    The Defendant knowingly transmitted information as to wagers, betting odds, or changes in betting odds by telephone, telegraph, radio, semaphore, or similar means and knowingly installed equipment for the transmission or receipt of such information in violation of *720* ILCS *5/28-1(a)(11)*.

140.    The Defendant knowingly established, maintained, and operated an Internet site that permitted a person to play a game of chance of skill for money or other thing of value by means of the Internet and made a wage upon the result of any game or contest by means of the Internet in violation of *720* ILCS *5/28-1(a)(12)*.

141.     Pursuant to *720 ILCS 5/28-1(c)*, the above activities were illegal.

142.     The defendant named in this Count individually, and in association with others named herein violated *720 ILCS 5/28-1* by engaging in illegal internet gambling with Illinois residents.

143.     As a direct and proximate result of the foregoing, the Plaintiff class sustained damages.

144.     The Defendants are further liable for any recovery stemming from the Pokerstars business pursuant to *720 ILCS 5/28-3(c)* as they kept a gambling place and knowingly permitted others to use their property as a gambling place.

145.     Plaintiffs' class recovery includes, but is not limited to, all gambling losses sustained by Illinois residents who gambled on or at the Defendant's website with pre-judgment interest.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XI

**Casey Sonnenberg, individually and on behalf of "Loser" Class v. Unknown Defendants
For Claims Pursuant to *728 ILCS 5/28-3***

146.     Plaintiff re-alleges and incorporates all prior paragraphs of this Complaint into this Count.

147.     The Defendant kept property which was used for a gambling place or knowingly permitted people to use its property as a gambling place in violation of *720* ILCS *5/28-3*.

148.     Pursuant to *720 ILCS 5/28-3*, the keeping of a gambling place illegal.

149.     The defendant named in this Count individually, and in association with others named herein violated *720 ILCS 5/28-3* by keeping a gambling place which hosted online poker games.

150.     As a direct and proximate result of the foregoing, the Plaintiff class sustained damages.

151.     Plaintiffs' class recovery includes, but is not limited to, all gambling losses sustained by Illinois residents who gambled on or at the Defendant's website with pre-judgment interest.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XII

### Casey Sonnenberg, individually and on behalf of "Loser" Class v. Unknown Defendants For Claims Pursuant to *728 ILCS 5/28-7*

152.     Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

153.     Pokerstars entered into contracts with Illinois residents, including Casey Sonnenberg, concerning: the games that Pokerstars hosts; the transfer of money to Pokerstars to be used to bet on the poker games; bets in, on, or regarding poker games; payment processing and financial transactions for the games; the payment of portions of losses from the games; the collection of winnings from the games; and, the advancement of money and credit for betting on the games.

154.     Pursuant to *720 ILCS 5/28-7*, these contracts are void.

155.    The defendant named in this Count individually, and in association with others named herein entered into illegal gambling contracts with Illinois residents who gambled on the Defendant's website.

156.    As a direct and proximate result of the foregoing the Plaintiff class sustained damages.

157.    The Defendants are further liable for any recovery stemming from the Pokerstars business pursuant to *720 ILCS 5/28-3(c)* as they kept a gambling place and knowingly permitted others to use their property as a gambling place.

158.    The Plaintiff class recovery includes, but is not limited to, the return of all sums lost by Illinois residents who gambled on the Defendant's website with pre-judgment interest.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

Respectfully submitted,

/s/ Michael Gras
Christopher Cueto, IL 06182248
Michael Gras, IL 06303414
LAW OFFICE OF CHRISTOPHER CUETO, LTD.
7110 West Main Street
Belleville, IL 62223
Phone:  (618) 277-1554
Fax:  (618) 277-0962
ccueto@cuetolaw.com
mgras@cuetolaw.com


Lloyd M. Cueto, IL #06292629
LAW OFFICE OF LLOYD M. CUETO
7110 West Main Street
Belleville, IL 62223

Phone:  (618) 277-1554
Fax:  (618) 277-0962
cuetolm@cuetolaw.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 7.1 of the Local Rules of the Southern District of Illinois, I certify that a true and correct copy of the foregoing has been properly served upon all counsel of record as required by the Federal Rules of Civil Procedure.

/s/ Michael Gras_____