# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLY SONNENBERG, individually, and on behalf of the class she represents<br><br>and<br><br>CASEY SONNENBERG, individually, and on behalf of the class he represents<br><br>Plaintiffs,<br><br>v.<br><br>OLDFORD GROUP, LTD.; RATIONAL ENTERTAINMENT ENTERPRISES LTD.; and UNKNOWN DEFENDANTS<br><br>Defendants. | Case No.: 13-cv-00344-DRH-SCW<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTON TO DISMISS SECOND-AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

In its March 14, 2014 Order, the Court dismissed Plaintiffs' First Amended Complaint because (1) it failed to plead facts sufficient to allege that Defendants Rational Entertainment Enterprises Ltd. ("REEL") and Oldford Group Ltd. ("Oldford") are "winners" within the meaning of the Illinois Loss Recovery Act ("LRA") and (2) it failed sufficiently to put Defendants on notice of the specific "losers" or "losses" that allegedly give rise to this action. The Court granted leave to amend, but in their Second Amended Complaint ("SAC"), Plaintiffs have added nothing that addresses these fundamental flaws. First, Plaintiffs have not, and cannot, plead that Defendants are "winners" within the meaning of the LRA. Plaintiffs still fail

to make any allegation that Defendants placed any bets or wagers, won any bets or wagers, or otherwise participated in the online poker games they hosted. Rather, in the SAC, Plaintiffs merely reinforce the conclusion that these Defendants were simply operators of an online cardroom and, therefore, as this Court previously found, more akin to a third-party service provider. Second, Plaintiffs still fail to plead the "who," "what," or "when" of the losses they seek to recover. Although Casey Sonnenberg is identified as an alleged "loser," Plaintiffs fail to plead, in any detail, the specifics of his alleged loss. Third, as a result of these pleading failures, neither Kelly Sonnenberg nor Casey Sonnenberg can recover on behalf of a purported class of unidentified losers with unspecified losses.

For these reasons, and guided by the instructive reasoning of the court in *Langone v. Kaisser and FanDuel, Inc.*, Case No. 1:12-cv-02073 (N.D. Ill. Oct. 9, 2013), the Court should dismiss the Second Amended Complaint – Plaintiffs' third attempt to state a claim against these Defendants – and do so with prejudice.

## STATEMENT OF RELEVANT FACTS

### *Allegations Relating to Plaintiffs*

Plaintiffs' SAC inexplicably seeks to assert recovery by two separate plaintiffs on behalf of the same group of alleged losers and losses. With respect to Plaintiff Kelly Sonnenberg, the SAC alleges that she "is a natural person and an adult resident of St. Clair County, Illinois" and "the mother of plaintiff Casey Sonnenberg." Pl. SAC at ¶5. As for Plaintiff Casey Sonnenberg, the SAC alleges that he "is a natural person and an adult resident of St. Clair, County Illinois," and the "son of plaintiff Kelly Sonnenberg." *Id.* at ¶6. Without providing any further detail, the SAC merely alleges that "Casey Sonnenberg had an account with PokerStars and has lost money amounting to a sum of $50.00 or more to the Defendants." *Id.*

Plaintiff Kelly Sonnenberg purports to bring this action individually and on behalf of "any person" under the LRA, 720 ILCS 5/28-8.[1] *See id.* at ¶41; Count I (¶¶57-64); Count V (¶¶91-98); and Count IX (¶¶125-132). Plaintiff Casey Sonnenberg purports to bring this action individually, in his capacity as a "loser" and on behalf of a "loser" class. *See id.* at ¶49; Counts II-IV; VI-VIII; X-XII. However, while Plaintiff Kelly Sonnenberg claims that her entitlement to recovery arises under 720 ILCS 5/28-8, Plaintiff Casey Sonnenberg claims that his entitlement to recovery arises under 720 ILCS 5/28-1, 720 ILCS 5/28-3, and 720 ILCS 5/28-7. *See id.* Despite asserting separate claims for relief, in fact, both Plaintiffs seek the same recovery – i.e. "all money lost by Illinois gamblers on PokerStars." *See id.* at ¶41 (Kelly Sonnenberg); ¶49 (Casey Sonnenberg).

## *Allegations Relating to the Defendants*

Plaintiffs allege scarcely any facts regarding the Defendants individually. With respect to Defendant REEL, the SAC alleges that Defendant REEL "is a business entity organized and operating under the laws of the Isle of Man" and "is licensed by the Isle of Man Gaming Authority to operate online poker rooms and accept losses from Illinois gamblers." *Id.* at ¶7. As for Defendant Oldford, the SAC alleges that it "is a business entity organized under the laws of the British Virgin Islands" and "a parent company of the other defendants." *Id.* at ¶8. The SAC further alleges that Defendants REEL and Oldford "acted in concert in a joint venture to facilitate, host, operate, and profit from an online poker business commonly known as Pokerstars." *Id.* at ¶9.

---

[1] Although purporting to bring this action on behalf of "any person," Ms. Sonnenberg's underlying class is the same as Casey Sonnenberg's underlying class in that both seek to represent so-called PokerStars "losers." *See* Pl. SAC at¶41 ("The class sought to be certified is: Those individuals who lost an amount of $50.00 or more on Pokerstars, excluding those individuals who have previously brought an action against any Defendant to recover their losses under the Illinois Loss Recovery Act, 720 ILCS 5/28-8.").

Apart from these allegations, Defendants REEL and Oldford are not mentioned directly by name in any of the other factual allegations. The only other time they are mentioned by name is in the individual counts, which repeat, almost verbatim, the same causes of action as to each defendant. The remaining allegations of the SAC referring to the Defendants' business conclusively underscore the fact that Defendants were merely operators of an online poker room, acting as a conduit for transmission of the prize money to the winner. *See, e.g., id.* at ¶24 (alleging that Defendants "host[ed]" games); ¶26 (alleging that Defendants "designed and provided proprietary software"); ¶40 (alleging that Defendants "establish[ed], own[ed], operat[ed], finance[ed], promot[ed] and/or profit[ed]" from transactions occurring on the games that they hosted).

Here, even under the most liberal pleading standards, Plaintiffs fail to plead facially plausible claims for relief under the LRA.

## ARGUMENT

This Court should dismiss Plaintiffs' SAC in its entirety pursuant to Federal Rule 12(b)(6) because, despite the additional opportunity to amend their complaints, Plaintiffs have still failed to state claims for relief against these Defendants.[2] Federal Rule of Civil Procedure 8(a)(2) imposes "two easy-to-clear hurdles" that a complaint must satisfy in order to survive a

---

[2] Defendants also maintain that the SAC should be dismissed pursuant to Federal Rule 12(b)(2) because Plaintiffs have failed to plead facts with respect to each individual Defendant that would confer personal jurisdiction over them in this Court. *See Wysnoski v. Millet*, 759 F. Supp. 439, 442 (N.D. Ill. 1991) (finding that, where there are multiple defendants, personal jurisdiction as to each must be considered separately)(citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-99 (1980)). Defendants also incorporate by reference their arguments in support of dismissal raised in their Motion to Dismiss Plaintiff's First-Amended Complaint – specifically, that the complaint should be dismissed as a matter of equity because Plaintiff seek to pursue a claim that would require the PokerStars group of companies to pay the same monies they already forfeited to the United States Government a second time. *See* Motion to Dismiss [Dkt. #10].

motion to dismiss pursuant to FRCP 12(b)(6). *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plaintiffs have failed to clear these hurdles.

First, the SAC does not describe the plaintiff's claims and the grounds supporting them in "sufficient detail to give the defendants fair notice" of the claims alleged against them. *EEOC*, 496 F.3d at 776. This requires more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, the SAC does not include well-pleaded allegations that, if true, "plausibly suggest a right to relief, raising that possibility above a speculative level." *EEOC*, 496 F.3d at 776. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). "Accordingly, a motion to dismiss may be properly granted where the plaintiff does not allege a plausible entitlement to relief either by (1) failing to provide the defendant with notice of plausible claims against it or (2) asserting only speculative or conclusory allegations in the complaint." *See* March 14, 2014 Order Dismissing Sonnenberg First-Amended Complaint ("March 14 Order") [Dkt. #68] at p. 9, attached hereto as **Exhibit 1**.

It bears further notice that Illinois courts have long held that the "Loss Recovery Act should not be interpreted to yield an unjust or absurd result contrary to its purpose." *Vinson v. Casino Queen, Inc.*, 123 F.3d 655, 657 (7th Cir. 1997). Illinois statutes like the LRA are "penal in their nature," *Robson v. Doyle*, 61 N.E. 435, 437 (Ill. 1901), and "must be strictly construed." *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013); *see also Reuter*

*v. MasterCard Int'l, Inc.*, 921 N.E.2d 1205, 1211 (Ill. App. 2010) (nothing that an Illinois Circuit Court "explained that the [LRA] is penal in nature and must therefore be strictly construed").

Given that Plaintiffs' SAC fails the simple requirements that the law imposes – again – the Court should dismiss it with prejudice.

## I. Plaintiff Kelly Sonnenberg Has Failed to State a Claim for Relief Under 720 ILCS 5/28-8.

In Counts I, X, and IX of the SAC, Plaintiff Kelly Sonnenberg seeks to recover gambling losses as "any person" under the 720 ILCS 5/28-8.[3] However, Plaintiff Kelly Sonnenberg has failed to plead facts sufficient to state a claim for relief pursuant to Federal Rule 12(b)(6). Despite this Court's explicit instructions in its March 14 Order, Plaintiff Kelly Sonnenberg fails

---

[3] The LRA provides, in relevant part:

> (a) Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more and shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes any transaction for his own account on, any regular board of trade or commercial, commodity or stock exchange, shall, under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transactions.
> (b) If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to recover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner.

720 ILCS 5/28-8.

to plead facts sufficient to allege that Defendants are "winners" within the meaning of the LRA and to put Defendants on notice of the specific losers or losses that would entitle her to recovery.

### A. PokerStars is Not a "Winner" Within the Meaning of the LRA.

In dismissing Ms. Sonnenberg's First-Amended Complaint, this Court found that Plaintiff had not pled that PokerStars is a "winner" within the meaning of the LRA. *See* **Ex. 1**, March 14 Order at p. 11. In so finding, the Court noted certain glaring omissions in the allegations of the First Amended Complaint. Specifically, the Court noted that the First Amended Complaint "[did] not state that the PokerStars defendants made any bets or wagers and [did] not state that PokerStars won any bets or wagers that would qualify under the statute as 'winners.'" *Id.* at p.10. The Court also stressed the lack of any allegation that the PokerStars Defendants "participat[ed] in the games itself" or "risk[ed] any of its money in producing the prize money to the winner." *Id.* at p.11. Accordingly, this Court, guided by the "valid and instructive" reasoning of the *Langone* court, found that the "PokerStars Group is more akin to a third party service provider that provides a forum for others to play the game and does not have a stake in how the game is decided." *Id.* at p. 11, 10. Put differently, "the PokerStars Group acted as a conduit for transmission of the prize money to the winner and it did not risk any of its money in producing the prize money to the winner." *Id.* at p.11.

Nothing in the SAC should change the Court's evaluation or the result here. Plaintiffs still have not pleaded facts sufficient to demonstrate that the Defendants are "winners" under the statute. There are no allegations that the Defendants participated in the games by placing bets or wagers, winning bets or wagers, or risking any of their own money. And the reason is obvious: Defendants are merely operators of an online poker room, and not participants in the underlying games they host, and therefore are "more akin to a third-party service provider." Indeed, the

allegations of the SAC reinforce this conclusion through repeated allegations that the Defendants owned and operated an online poker website that hosted poker games. *See, e.g.,* Pl. SAC at ¶24 (alleging that Defendants "host[ed]" games); ¶26 (alleging that Defendants "designed and provided proprietary software"); ¶40 (alleging that Defendants "establish[ed], own[ed], operat[ed], finance[ed], promot[ed] and/or profit[ed]" from transactions occurring on the games that they hosted). Indeed, even Plaintiffs admit that "unknown individuals won money from Illinois gamblers during the poker games hosted by the Defendants" – an allegation at odds with their otherwise conclusory, and wholly unsupported, claim that PokerStars, the host of these games, could have "won" the monies at issue. *See id.* at ¶37.

The only new addition to Plaintiffs' SAC is the conclusory allegation that PokerStars won money in the form of the "rake," "takeout," or "commission on the games they hosted." *See id.* at ¶¶24, 35, 37. These allegations are simply insufficient. In *Langone*, the U.S. District Court for the Northern District of Illinois dismissed a similar case against a fantasy sports site (FanDuel.com), finding that the site and its owner were not "winners" within the meaning of the LRA even though the site charged an entry fee or commission from its players. *See generally Langone* Order at p.2, attached hereto as **Exhibit 2**. Although the site admittedly derived its profit from commissions, the court rejected the notion that the site was a "winner" under the LRA because plaintiff did not allege that the site participated in the game itself or placed any "wagers" with particular participants "by which it could lose money based on the happening of a future event." *Id.* at pp.13-14.

Similarly, in this case, the assertion that the Defendants derived their profits from collecting commissions in the form of a "rake" or "take out" (neither of which is defined in the SAC) is not probative of whether or not the Defendants can be construed to be "winners."

Plaintiffs notably make no assertion that Defendants risked anything when taking their commissions (and indeed they cannot make such an allegation). For this reason, Counts I, V, and IX of the SAC should be dismissed for failure to plead facts sufficient to demonstrate that Defendants are "winners" within the meaning of the LRA.

### B. Plaintiffs Fail to Identify a Loser or Loss.

This Court previously dismissed the First-Amended Complaint because Plaintiffs had failed to identify specific losers or losses. Specifically, the Court found that Ms. Sonnenberg's First-Amended Complaint did not adequately allege a "loser" or "loss," noting that "the first amended complaint is devoid of allegations stating the "who" "what" and "when" of the losses she seeks to recover." *See* **Ex. 1**, March 14 Order at pp. 11-12.

Plaintiffs' SAC is similarly lacking this basic factual predicate necessary to support a third-party claim under 720 ILCS 5/28-8(b). Other than identifying her son Casey Sonnenberg, as a purported loser, Plaintiff Kelly Sonnenberg fails to identify a single cognizable loser or loss. Rather, Plaintiff Kelly Sonnenberg simply asserts: "Numerous Illinois residents, including Plaintiff Casey Sonnenberg, have lost an amount more than $50.00 dollars while gambling with Pokerstars and for the purposes of 720 ILCS 5/28-8 are 'losers.'" Pl. SAC at ¶59. This Court has already held that such conclusory allegations are insufficient.[4] Even as to Casey Sonnenberg, the only identified "loser," Plaintiff Kelly Sonnenberg fails to plead basic facts, including: when the purported loss was incurred,[5] to whom (i.e. which player) the loss was sustained, and what is the amount of loss in question. Given Plaintiffs' failure to identify a

---

[4] Indeed, the *Langone* court dismissed a similar complaint where the plaintiff alleged that "it is more likely than not that [plaintiff] has lost over $50." *See* **Ex. 2**, *Langone* Order at p. 3.

[5] The mere allegation that "Casey Sonnenberg did not bring an action on his own behalf within six months of any loss to PokerStars" is insufficient for these purposes. *See* Pl. SAC at ¶61.

single, quantifiable loss associated with any specific loser, Plaintiff cannot even demonstrate that any loser would satisfy the LRA's jurisdictional minimum.

The Court should reject any suggestion that Plaintiffs may rely on such conclusory allegations in a complaint with the hope of later identifying specific losers and losses. Indeed, the *Langone* court rejected the assertion that a plaintiff was permitted to plead unidentified gambling losers and losses under the LRA. *See* **Ex. 2**, *Langone* Order at pp. 10-11. Notably, the court found that such penal statutes are strictly construed, and, as such, reject a plaintiff's attempt "to compel the [winner] to disclose a cause of action against himself," as such an attempt amounts to "purely a fishing bill so far as it seeks such discovery." *Id.* at p. 12 (citing *Robson v. Doyle*, 61 N.E. 435, 436-37 (Ill. 1901)). As in *Langone*, the Plaintiffs in this case cannot satisfy the basic pleading requirements of the LRA without compelling the Defendants to disclose information against themselves in order to aid in Plaintiffs' fishing expedition.[6] Accordingly, Plaintiffs' SAC should be dismissed with prejudice.

### C. Plaintiff Kelly Sonnenberg Cannot Recover Individually or on Behalf of a Purported Class of "Any Persons" Under the LRA.

Plaintiffs' pleading failures warrant dismissal of Plaintiff Kelly Sonennberg's claim to recovery individually and on behalf of an "any person" class. *See generally* Pl. SAC at Counts I, X, and IX. First, Plaintiff Kelly Sonnenberg cannot recover individually as "any person" under the LRA because she has failed to plead basic facts relating to her son, Casey Sonnenberg's, purported losses. In *Langone*, the court reasoned that there was an "express link" between a loser's right to recovery under subsection (a) of the LRA and a third-party's right to recovery

---

[6] Indeed, Plaintiffs admit in their SAC that discovery is required to plead their case. *See id.* at ¶42 ("While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of Illinois poker players who lost money to PokerStars.")

under subsection (b), noting that third-party's right is "condition[ed]" upon requiring the non-loser-plaintiffs to allege "who was the winner, who was the loser, when the loss took place, and the amount of money lost." *See* **Ex. 2**, *Langone* Order at p.9. As such, Plaintiff Kelly Sonnenberg's recovery as "any person" under the statute is precluded by Plaintiffs' failure to plead these essential facts.

Second, even if Plaintiffs' bare-boned allegations somehow satisfy the pleading requirements of the LRA, Plaintiff Kelly Sonnenberg still cannot recover on behalf of an "any person" class. The language of the LRA itself limits third-party actions to "any person," in the singular form, meaning that it does not provide for, nor contemplate, recoveries of the same losses by multiple persons. *See* 720 ILCS 5/28-8(b) ("If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to recover his losses does not in fact pursue his remedy, **any person** may initiate a civil action against the winner." (emphasis added)); *see also Holland v. Swain*, 94 Ill. 154, 157 (1879) (noting that it was not the "legislative intention that after the expiration of six months the winner of property should be liable to the loser for the property, and that at the same time the winner should be liable in addition for treble the value to another in a *qui tam* act"). Such a result would "increase the penal character of the statute by construction, which is not allowable." *Holland*, 94 Ill. at 157. Plaintiff Kelly Sonnenberg's purported class, therefore, cannot consist of other third-party relators instituting claims in place of, or on behalf of, alleged losers who are otherwise time-barred from seeking recovery in their own right.

## II.     Plaintiff Casey Sonnenberg Fails to State Claims for Relief.

Plaintiff Casey Sonnenberg asserts his own causes of action in the SAC under 720 ILCS 5/28-1, 720 ILCS 5/28-3, and 720 ILCS 5/28-7. *See* Pl. SAC at Counts II-IV (violations against

REEL); Counts VI-VIII (against Oldford) and Counts X-XII (against Unknown Defendants). Specifically, Plaintiff Casey Sonnenberg seeks recovery, individually and on behalf of a "Loser" class, of "all gambling losses sustained by Illinois residents who gambled on or at PokerStars...." *See, e.g., id.* at ¶77. However, neither sections 5/28-1, 5/28-3, nor 5/28-7 confers an additional, private cause of action for recovery of alleged gambling losses separate from the remedies already provided under section 5/28-8. As such, Plaintiff Casey Sonnenberg fails to state a claim for relief under any of those sections.

### A. Plaintiff Casey Sonnenberg Fails to State Claims For Relief Under Sections 5/28-1 and 5/28-3.

Section 5/28-1 establishes criminal penalties for gambling. It states: "[g]ambling is a Class A misdemeanor. A second or subsequent conviction under subsections (a)(3) through (a)(12), is a Class 4 felony." Therefore, section 5/28-1, by itself, does not provide a separate cause of action.

Similarly, Plaintiff Casey Sonnenberg fails to state a claim for relief under section 5/28-3. Sections 5/28-3 states that "[a]ny person who knowingly permits any premises or property owned or occupied by him or under his control to be used as a gambling place commits a Class A misdemeanor. Each subsequent offense is a Class 4 felony." 720 ILCS 5/28-3. This section establishes criminal penalties exclusively enforceable by the State of Illinois but it does not give rise to a private cause of action by individuals. *See Mallett v. Wisconsin Division of Vocational Rehabilitation,* 130 F.3d 1245, 1249 (7th Cir.1997) ("Courts seldom imply a private right of action where none appears in the statute, for 'a strong presumption exists against [their] creation....'" (internal quotations omitted)); *Israel Aircraft Industries Ltd., v. Sanwa Business Credit Corporation,* 16 F.3d 198, 200 (7th Cir.1994) ("[A] statute proscribing particular conduct but not identifying specific beneficiaries—for example, a statute forbidding murder or

burglary—generally is enforced by public prosecutors, with private enforcement only if the statute creates an express right of action.").

Here, only section 5/28-8 gives right to a private cause of action, either by the "loser" himself within 6 months of the loss (5/28-8(a)) or by "any person" on behalf of the loser thereafter (5/28-8(b)). Plaintiff Casey Sonnenberg has not asserted a cause of action under either subsection of the LRA, nor could he.[7] Plaintiff Casey Sonnenberg is precluded from seeking recovery of his own losses because the applicable statute of limitations has expired for him to institute a claim for relief. *See* Pl. SAC at ¶61 ("Casey Sonnenberg did not bring an action on his own behalf within six months of any loss to PokerStars."). He is also likewise precluded from seeking relief on behalf of a putative class of "losers." Section 5/28-8 provides a six-month period for a "loser" to institute a claim for relief under section 5/28-8(a), and if that loser fails to bring a timely action, section 5/28-8(b) thereafter gives a right of action to any other person to recover the loss. *See generally* 720 ILCS 5/28-8; *see also Holland*, 94 Ill. at 157 (concluding that "the legal effect of the statute is to limit the time in which the loser may bring his action to six months, and to bar the bringing of such action of the lapse of that time"). This Court should take judicial notice that the U.S. Government shut down the online poker rooms operating in the U.S. on April 15, 2011. Plaintiffs do not allege, nor could they, that PokerStars resumed activities in the U.S. after this date. As such, April 15, 2011 was the last conceivable date on which any so-called "losers" could have sustained alleged gambling losses. To the extent any losers sought to recover against the Defendants, they must have done so by October 15, 2011 (six months after the last date of possible online play). This action, however, was initially instituted

---

[7] Moreover, the alleged illegality of online poker is not relevant for purposes of LRA recovery. Indeed, the Langone court found: "The relevant question for the purposes of the Loss Recovery Act is not whether FanDuel's activity is illegal; the question is whether FanDuel is "the winner" with respect to any "loser." *See* **Ex. 2**, *Langone* Order at p.16.

on August 24, 2012, more than a year after April 15, 2011. Accordingly, Plaintiff Casey Sonnenberg's claims, and the claims of his putative class members, would be barred under the applicable statute of limitations under section 5/28-8.

For these reasons, Counts II, III, VII, VIII, X, and XI of the SAC should be dismissed in their entirety with prejudice.

### B. Plaintiff Casey Sonnenberg Fails to State a Claim for Relief Under Section 5/28-7.

Plaintiff Casey Sonnenberg also fails to state a claim for relief under section 5/28-7 because that section of the Illinois gambling statute does not provide a private right of action. This provision of the Illinois gambling statute was drafted to void existing obligations incurred in gambling contracts. It is typically invoked as an affirmative defense by a defendant in a contract enforcement action who seeks to have his obligation under the gambling contract extinguished by having the entire contract declared void. *See, e.g., Mallet v. Butcher*, 41 Ill. 382 (1866) (finding a promissory note to be void and unenforceable because it was based on a gambling obligation); *Schneider v. Turner*, 130 Ill. 28, 22 N.E. 497 (1889) (sustaining the defendant's demurrer to plaintiffs' claim to recover damages for the nonperformance of an options contract on the basis that contract was an illegal gambling contract and thus void). 720 ILCS 5/28-7 does not include any mechanism for recovering a debt, nor does it establish a private right of action to be invoked by a plaintiff. Rather, it is a defense asserted against the enforcement of a gambling contract. This is obvious from the fact that the very next provision of the Illinois gambling statute, 720 ILCS 5/28-8 (the provision of the statute cited by Plaintiff in her First-Amended Complaint), explicitly provides a recovery mechanism for gambling losers who seek to recover their gambling losses from a so-called "winner."

Indeed, 720 ILCS 5/28-7 is most commonly invoked in cases where both parties play a role in offering the gambling, rather than in cases where both parties participate in the gambling as so-called "winners" and "losers." The most common scenario in which this statute is invoked involves one gambling provider seeking to enforce a contract against another gambling provider, who then defends the suit by maintaining that the underlying gambling contract is illegal, void, and unenforceable. *See Tomm's Redemption, Inc. v. Park*, 333 Ill. App. 3d 1003, 777 N.E.2d 522 (2002) (where plaintiff sought liquidated damages for defendant's early termination of a contract to operate and maintain coin operated devices, court remanded for a finding on whether the contract was void as an illegal gambling contract); *Mosher v. Griffin*, 51 Ill. 184 (1869) (finding that a contract to train a racehorse was void as an illegal gambling contract, and therefore the trainer could not collect his training fees in a lawsuit).

This is not a case in which the Defendants seek to enforce an existing obligation under an allegedly illegal gambling contract. Even if section 5/28-7 were a recognized cause of action, there is no allegation in the SAC that Plaintiff Casey Sonnenberg owes Defendants some obligation, which Defendants are now seeking to enforce. As such, Counts IV, VIII, and XII of the SAC should be dismissed in their entirety with prejudice.

## CONCLUSION

WHEREFORE, Defendants move this Court to dismiss Plaintiffs' SAC in its entirety with prejudice.

Dated:   May 16, 2014                                    Respectfully submitted,

MATHIS MARIFIAN & RICHTER, LTD.                          IFRAH PLLC

By:   /s/ *William J. Niehoff*                           By:   /s/ *A. Jeff Ifrah* (w/consent)
William J. Niehoff, #6193763                             A. Jeff Ifrah *(admitted pro hac vice)*
Laura E. Schrick, #6284750                               David B. Deitch *(admitted pro hac vice)*
23 Public Square, Suite 300                              Rachel Hirsch (Bar No. 991122)
Belleville, Illinois  62220                              1717 Pennsylvania Avenue, Suite 650
(618) 234-9800                                           Washington, D.C. 20006
(618) 234-9786 Fax                                       Telephone: (202) 524-4140
wniehoff@mmrltd.com                                      Facsimile: (202) 524-4141
lschrick@mmrltd.com                                      jeff@ifrahlaw.com
                                                         ddeitch@ifrahlaw.com
                                                         rhirsch@ifrahlaw.com

                                                         Attorneys for Defendants,
                                                         *Rational Entertainment Enterprises Ltd. and Oldford Group Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendants' Memorandum in Support of their Motion to Dismiss Second-Amended Complaint was served upon all attorneys of record by electronic delivery via the CM/ECF System on May 16, 2014, addressed as follows:

> Christopher Cueto
> Michael Gras
> LAW OFFICE OF CHRISTOPHER CUETO, LTD.
> 7110 West Main Street
> Belleville, IL 62223
> ccueto@cuetolaw.com
> mgras@cuetolaw.com
>
> Lloyd M. Cueto
> LAW OFFICE OF LLOYD M. CUETO
> 7110 West Main Street
> Belleville, IL 62223
> cuetolm@cuetolaw.com
> *Attorneys for Plaintiffs*

/s/ *William J. Niehoff*
William J. Niehoff