## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

KELLY SONNENBERG, *et al.*         )
                                              )
                                              ) Case No.: 13-cv-00344-DRH-SCW
                                              )
                Plaintiffs,         )
                                              )
v.                                                )
                                              )
OLDFORD GROUP, LTD.; RATIONAL      ) **JURY TRIAL DEMANDED**
ENTERTAINMENT ENTERPRISES LTD.;   )
and UNKNOWN DEFENDANTS         )
                                              )
                                              )
                Defendants.      )

## <u>DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS</u>[1]

### Plaintiff Kelly Sonnenberg Fails to State a Claim for Relief Under 720 ILCS 5/28-8.

Plaintiff fails to comply with the Court's March 14 Order in alleging facts sufficient to

demonstrate "winners" and "losers" under the LRA.  In her Opposition, Plaintiff Kelly

Sonnenberg claims, for the first time, that this Court's reliance on what this Court otherwise

called the "valid and instructive" case of *Langone v. Kaiser and FanDuel, Inc.*, 2013 WL

5567587 (N.D. Ill. Oct. 9, 2013), was misplaced.[2]  Specifically, Plaintiff claims that the *Langone*

---

[1] **<u>Statement of Exceptional Circumstances</u>**:  Plaintiffs seek recovery against Defendants Rational Entertainment Enterprises Ltd. ("REEL") and Oldford Group Ltd. ("Oldford") in what purports to be a class action based on an obscure and misapplied statue.  Plaintiff fundamentally miscomprehends the role of the company and the application of the gambling-loss recovery statute to it. This Reply should assist the Court in its determination.

[2] Plaintiff now claims that she "never had the opportunity to argue the application or correctness" of *Langone*.  *See* Pl. Opposition at p. 4.  However, that is simply not true.  Rule 59(e) afforded Plaintiff the opportunity to move the Court to alter or amend its judgment if the March 14 Order contained a "manifest error of law or fact."  *See Cnty. of McHenry v. Ins. Co. of the W*, 438 F.3d 813, 819 (7th Cir. 2006).  Under Rule 59(e), Plaintiff had 28 days after entry of the order to contest the correctness of this Court's reliance on *Langone*.  By contrast, briefing on a motion to dismiss is not the proper forum for contesting this Court's legal conclusions in its March 14 Order.  *See Facebook, Inc. v. Teachbook.com*, 819 F.Supp.2d 764, 774 (N.D. Ill. 2001) ("It is well-settled that a motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the

opinion is incorrect and non-binding because the court there mistakenly relied on *Holmes v. Brickey*, 82 N.E.2d 200 (Ill. App. Ct. 3d Dist. 1948) and *Ranney v. Flinn*, 60 Ill. App. 104 (Ill. 1984), which, according to Plaintiff, do not stand for the proposition that the "rake" is not "winnings" under the LRA. *See* Pl. Opp. at p. 5. Although *Holmes* and *Ranney* do not directly stand for the proposition that the "rake" is not "winnings" under the LRA, they very clearly, and more importantly, stand for the well-settled principle under Illinois law that "the winner and not the keeper of the house is liable to the loser," – the very proposition for which they were cited by the *Langone* court and adopted by this Court in its March 14 Order. *See Holmes*, 82 N.E.2d at 202 (citing *Ranney*, 60 Ill. App. 104); *see also* March 14 Order at p.12. Thus, as both this Court and the *Langone* court properly found, "in *Ranney*, the Court emphasized that the owner of a saloon who provide a room for poker games was only a winner when he **actually played** in the games." *See Langone* Order at pp. 13-14 (emphasis added) (citing *Ranney*, 60 Ill. App. at 105); March 14 Order at p.11.

With respect to the "rake" issue, the *Langone* court primarily relied on *Pearce v. Foote*, 113 Ill. 228 (1885), a case which Plaintiff fails to address in her Opposition. In *Langone*, the court properly relied on *Pearce* to find that, although FanDuel derived its profits from commissions on games they hosted (much like Plaintiff here alleges about Defendants), their role in the fantasy sports games was "decidedly different from the brokers in *Pearce*." *See Langone* Order at p. 13. Specifically, the *Langone* court correctly concluded that *Pearce* "held that the

---

complaint, not to decide the merits of the case."). A court may grant a motion to dismiss under Rule 12(b)(6) if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Here, Plaintiffs have not, and cannot, allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" – that is, Plaintiffs fail to allege facts demonstrating that Defendants are "winners" under the LRA. *Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

brokers were not winners not because they collected commissions on gambling activity, but because the brokers *participated in the risk* of the trade or "wager." *Id.* (emphasis in original). Here too, like the fantasy sports operators in *Langone*, conclusory allegations that Defendants take a "rake"[3] or "commission" on games played are not probative of whether Defendants are "winners" under the LRA. Plaintiff fails to cure the pleading deficiencies noted by this Court in its March 14 Order because she notably fails to assert that Defendants participated in the game itself or risked anything when taking the commissions (and indeed she cannot make such an allegation). As such, Plaintiff fails to demonstrate that Defendants are "winners" under the LRA.

Plaintiff similarly fails to cure the pleading deficiencies of her FAC noted by this Court in its March 14 Order because Plaintiff still fails to plead facts sufficient to allege a "loser" or "loss." *See* March 14 Order at pp. 11-12. Like the FAC, the SAC is devoid of allegations stating the "who," what," and "when," of the losses she seeks to recover. *See id.* at p.12 Plaintiff's Opposition concedes that she cannot satisfy her pleading burden without the aid of the Defendants, whom she claims are "in control" of the "history of losses." *See* Pl. Opp. at p.8. However, both this Court and the *Langone* court properly rejected the assertion that a plaintiff was permitted to plead unidentified gambling losers and losses under the LRA. *See id; Langone* Order at pp. 10-11. Specifically, the *Langone* court noted that Illinois courts reject a plaintiff's attempt "to compel the [winner] to disclose a cause of action against himself," as such an attempt amounts to "purely a fishing bill so far as it seeks such discovery." *Id.* at p. 12 (citing *Robson v. Doyle*, 61 N.E. 435, 436-37 (Ill. 1901)). Plaintiff's identification of Casey Sonnenberg, her son, as a purported loser, fails to satisfy her pleading burden and similarly compels Defendants to disclose information against themselves as to the details of his alleged losses. The allegation that

---

[3] By definition, a "rake" is not tied to any winnings or losses because it is taken out automatically by the gaming software **before** the game is even played.

Casey Sonnenberg "had an account with PokerStars and has lost money amounting to a sum of $50.00 or more to the Defendants," *see* SAC ¶ 6, is not enough because it still fails to identify when the purported loss was sustained, to whom (i.e. which individual player) it was sustained, and the total amount of loss at issue.[4]  Plaintiff Casey Sonnenberg's newly-appended Affidavit further fails to advance these essential facts.  As such, the SAC should be dismissed with prejudice.

**Plaintiff Casey Sonnenberg Fails to State Causes of Action under 720 5/28-1, 5/28-3 and 5/28-7.**  Both 5/28-1 and 5/28-3 establish criminal penalties for gambling, noting that convictions under each section constitute a Class 4 felony punishable as a misdemeanor. They otherwise do not provide for civil remedies that can be enforced by a private citizen.  Although, in some circumstances, courts will imply a private right of action where no other adequate remedy exists, this is not one of those cases.  Plaintiff fails to cite a single case in which an Illinois court has implied a private cause of action under 5/28-1 and 5/28-3.  While there are four factors to determine if a court will imply a private right of action, "[t]he Supreme Court of Illinois has directed courts to focus on the fourth factor [a private right of action is necessary to provide an adequate remedy for violations of the statute] and has repeatedly held that a court should not find a private right of action implied in a statute unless it would be ineffective without one."  *Cima v. Wellpoint Healthcare Networks, Inc.*, 05-CV-4127-JPG, 2006 WL 1914107 (S.D. Ill. July 11, 2006) (citing *Abbasi ex rel. Abbasi v. Paraskevoulakos*, 718 N.E.2d 181, 185, 186 (Ill.1999)).  Here, section 5/28-8 already gives right to a private cause of action, either by the

---

[4] In *Langone*, the court still dismissed the complaint even though plaintiff advanced far more allegations of purported "losers" or "losses" than Plaintiff Kelly Sonnenberg. *See Langone* Order at pp. 2-3.  Surely, as a purported loser, Casey Sonnenberg should at least be able to identify the essential facts of his purported loss, including the amount lost and the players to whom he lost it.

"loser" himself within 6 months of the loss (5/28-8(a)) or by "any person" on behalf of the loser thereafter (5/28-8(b)). Casey Sonnenberg's failure to bring a claim within six months to recover his gambling losses against an actual winner, as required by 720 ILCS 5/28-8, does not entitle him to a second bite at the apple by finding an implied cause of action where an express cause of action existed and was not pursued.

Section 5/28-7 also does not give Plaintiff a right to "return [of] all ill-gotten gains," as Plaintiff claims (*see* Pl. Opp. at p. 14). Rather, it declares gambling contracts null and void and of no legal effect, not entitling the parties to any form of relief (including rescission). *See Penn Mut. Life Ins. Co. v. Greatbanc Trust Co.*, 887 F. Supp. 2d 822, 831 (N.D. Ill. 2012). As a party to the purported gambling contract, the Court should not assist Casey Sonnenberg in seeking any form of relief under this section (even if it were a proper cause of action and not an affirmative defense as it is cases in which it is cited). *See Dine v. Edwards*, 158 F.2d 17, 19 (7th Cir. 1946). For these reasons, the SAC should be dismissed in its entirety with prejudice.

Dated: June 26, 2014

MATHIS MARIFIAN & RICHTER, LTD.                    IFRAH PLLC

By:  */s/ William J. Niehoff*                      By:  */s/ Rachel Hirsch (w/consent)*
William J. Niehoff, #6193763                       A. Jeff Ifrah *(admitted pro hac vice)*
Laura E. Schrick, #6284750                         David B. Deitch *(admitted pro hac vice)*
23 Public Square, Suite 300                        Rachel Hirsch (Bar No. 991122)
Belleville, Illinois 62220                         1717 Pennsylvania Avenue, N.W.
(618) 234-9800; (618) 234-9786 Fax                 Washington, D.C. 20006
wniehoff@mmrltd.com                                (202) 524-4140; (202) 524-4141 fax
lschrick@mmrltd.com                                jeff@ifrahlaw.com
                                                   ddeitch@ifrahlaw.com
                                                   rhirsch@ifrahlaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy hereof was served upon all attorneys of record by electronic delivery via the CM/ECF System on June 26, 2014.

*/s/ William J. Niehoff*